James Prentiss WELCH, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–82–0908–CR.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Rehearing Denied Nov. 29, 1984.

Neal Y. Pickett, Houston, for appellant.

William Meitzen, Fort Bend County Dist. Atty., Donald W. Bankston, Fort Bend County Asst. Dist. Atty., Richmond, for appellee.

Before DUGGAN, LEVY and DOYLE, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from a conviction based on an indictment for the offense of intentionally and knowingly possessing with the intent to deliver a controlled substance, to wit, methamphetamine. By appellant's choice, trial was by jury and punishment was by the court. The court assessed a sentence of thirty-seven years imprisonment.

Appellant was arrested February 27, 1982, in the parking lot of a Gerland's Food Store in Fort Bend County. Prior to appellant's arrest, three narcotics officers had observed him meet with police informant, Connie Tutt, for the alleged purpose of selling methamphetamine. The officers had pre-arranged that once Miss Tutt had been offered the drug by appellant, Miss Tutt would raise her right hand. Upon observing Miss Tutt's raised hand, the officers approached appellant, searched, and arrested him. On appeal from his conviction of possession with the intent to deliver a controlled substance, appellant raises four grounds of error.

In the first ground of error, appellant contends that the trial court erred in submitting this case to the jury pursuant to Vernon Ann.Civ.Stat. art. 4476–15 sec. 4.03 because said statute is unconstitutional.

As authority for this contention, appellant cites *Crisp v. State,* 643 S.W.2d 487 (Tex.App.—Austin 1982, writ granted). In *Crisp* the court held that the caption to H.B. 730, was unconstitutional in that it failed to give readers fair notice of the subject matter contained within the Bill. House Bill 730 purportedly amended the Controlled Substances Act, including art. 4476–15 sec. 4.03. Therefore, the appellant is correct in his contention that art. 4476–15 sec. 4.03 is unconstitutional as amended.

However, the Texas Court of Criminal Appeals also held that the Controlled Substances Act now stands as though H.B. 730 had never been enacted. *Ex Parte Crisp,* 661 S.W.2d 944 (Tex.Crim.App.1983).

■ Accordingly, given that the indictment in the instant case alleged the possession with intent to deliver a control substance, to wit: methamphetamine, which was an offense under art. 4476–15 sec. 4.03 before H.B. 730 was enacted, the trial court did not err in submitting the case to the jury. This ground is overruled.

In the second ground of error, appellant contends that there was insufficient evidence produced at trial to prove that appellant intended to deliver a controlled substance.

The record reflects that twenty-six grams of methamphetamine were found inside one of the boots appellant was wearing at the time of his arrest. The arresting

officers were notified that appellant possessed and intended to sell a controlled substance by their informant, Miss Tutt, who was not available to testify at trial because no one could locate her. However, the three arresting officers who witnessed the alleged transaction testified to substantially the same facts.

Prior to appellant's arrest, Miss Tutt, acting under the authority of one of the arresting police officers, Herschel Erwin, had arranged to purchase at least an ounce of methamphetamine from appellant. Under further direction from Officer Erwin, Miss Tutt arranged to buy the substance from appellant in the parking lot of Gerland's Food Fair Market Number 78. According to Officer Erwin, Miss Tutt agreed to signal the officers by raising her right hand over her head when and if appellant showed her the methamphetamine and offered it for sale.

On the day of appellant's arrest, Miss Tutt met with appellant in a car in the Gerland's parking lot, and allegedly saw the methamphetamine and arranged to buy it. Upon exiting the car, appellant signalled the officers by raising her right arm.

As the officers approached appellant's car, they believed appellant was attempting to escape when they observed smoke coming from appellant's tires and heard screeching and spinning noises as appellant placed his car in reverse. The officers blocked appellant's car, ordered him out of the car, and conducted a body search. At this time, the officers found the methamphetamine tucked inside appellant's boot.

Officer Erwin testified that on several prior occasions Miss Tutt had proven a reliable informant and had performed similar operations with the police. Although Officer Erwin could give no explanation as to where Miss Tutt was located at the time of trial, the officer testified that he had known Miss Tutt for approximately two years, that Miss Tutt sometimes co-operated with narcotic officers in her efforts to make amends for her prior criminal activity, and that Miss Tutt and her car were searched prior to her meeting with appellant.

■■■ Appellant contends that because Miss Tutt did not testify, there is insufficient evidence that appellant intended to "sell" the methamphetamine. This case was not submitted to the jury with an instruction on circumstantial evidence. However, the standard for review in both circumstantial and direct evidence cases is now the same, to-wit, whether "a rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Carlsen v. State*, 654 S.W.2d 444, 449 (Tex.Crim.App.1983). If the state's evidence supports an inference other than a finding of the essential elements of the crime, then, in both circumstantial and direct evidence cases, no trier of fact could rationally find the defendant guilty beyond a reasonable doubt as required in *In Re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Additionally, in circumstantial evidence cases, the state's proof must exclude every other reasonable hypothesis except the defendant's guilt. *Wilson v. State*, 654 S.W.2d 465 (Tex.Crim. App.1983). The evidence must be of a higher degree than to merely raise a strong suspicion of guilt; it must foreclose reasonable doubt. *Carlsen, supra.*

The only evidence that appellant intended to deliver the substance is Miss Tutt's alleged hand signal. Without testimony from her or someone else who was present and witnessed appellant's offer to sell the contraband, we fail to see how appellant's guilt is established beyond a reasonable doubt. Even if we consider that the "hypothesis" of guilt must be a reasonable one consistent with the circumstances and the facts proven, the only proven facts before the court are that appellant possessed the methamphetamine, and met with Miss Tutt in the Gerland's parking lot.

■■ The cumulative force of all the incriminating circumstances does not exclude every other reasonable hypothesis except appellant's guilt, and is insufficient to warrant the jury's finding of guilt for the intent to transfer a controlled substance.

We sustain appellant's second ground of error.

Appellant contends in ground of error three that the trial court erred in allowing into evidence state's exhibits No. 1, 2, 3, 4, and 5, because said items were the result of an illegal arrest and search.

At trial, the state offered the following items which were seized from appellant immediately after the officers blocked appellant's alleged escape; a clear plastic bag, a white envelope, which contains a plastic baggie, a band-aid box, and two plastic bags containing substances. The plastic bags contained controlled substances.

■ The appellant objected to the admission of the above items on the basis that a chain of custody had not been properly proven. However, this objection does not comport with the issue raised on appeal. Therefore, any objection to the admission based on an illegal search and arrest may not be raised for the first time on appeal, and was waived at trial when appellant failed to obtain a ruling on his motion to suppress such evidence. *Dunavin v. State*, 611 S.W.2d 91 (Tex.Crim.App.1981). This ground of error is overruled.

Appellant next contends that the trial court erred in admitting state's exhibit one through five because the state failed to establish a chain of custody. At trial, appellant only objected to the admission of items 1 through 3 on the grounds that the chain of custody had not been proven. Appellant's objection to the admission of items 4, 5, and 6 goes to their relevancy to the appellant:

Mr. Bankston: Your Honor, before I pass the witness, once more we request after tendering to defense counsel State's Exhibits Numbers 4, 5 and 6, we would request that they be introduced. Mr. Pickett: I have the same objection. Number one, this goes to a person who is not a party in the proceeding here today, and I think, therefore, the introduction of this evidence would be highly inflammatory towards my client, Mr. Welch.

The Court: Overruled. State's 4, 5 and 6 are admitted.

■ Since appellant's objection to the introduction of items 4 through 6 does not comport with the chain of custody issue raised on appeal, appellant has not preserved these issues properly for appellate review. *Hodge v. State*, 631 S.W.2d 754 (Tex.Crim.App.1982).

■ We can find no error in the trial court admitting the state's exhibits of items containing the controlled substance.

Mr. Butcher, a chemist and toxicologist for the Texas Department of Public Safety, testified that on March 1, 1982, he received the baggies from Officer Erwin, who had seized the articles on February 27, 1982. Officer Erwin testified that from the time he received the items until the time he delivered it to Mr. Butcher, the items were in his actual care, custody, and control. Officer Erwin also testified that he did not tamper with the contents of the items.

Mr. Butcher identified the state's exhibits by means of his initials, and testified that they had been locked in the chemistry lab's vault, until he had turned them over to the district attorney for use in a court hearing. There was no showing that the exhibit had been tampered with or changed. Moreover, the exhibits were sufficiently identified by Mr. Butcher. Therefore, no error is shown. *Garcia v. State*, 537 S.W.2d 930 (Tex.Crim.App.1976). This fourth ground of error is overruled.

From a total review of the evidence in this case, we conclude that the state has failed to carry its burden of proving beyond a reasonable doubt that appellant possessed with the intent to deliver the controlled substance, methamphetamine.

Therefore, the judgment of the trial court is reversed and the appellant is ordered acquitted.