**James Prentiss WELCH, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–82–0908–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Nov. 29, 1984.

Rehearing Denied Nov. 29, 1984.

Neal Y. Pickett, Houston, for appellant.

William A. Meitzen, Fort Bend County Dist. Atty., Richmond, Donald W. Bankston, Fort Bend County Asst. Dist. Atty., Richmond, for appellee.

Before DUGGAN, LEVY and DOYLE, JJ.

OPINION ON MOTION FOR REHEARING

DOYLE, Justice.

In our original opinion, 680 S.W.2d 834, we found that the evidence was insufficient to sustain a conviction for possession with intent to deliver a controlled substance, methamphetamine. We reversed and acquitted.

The state now contends, among other things, that this court should have reversed and remanded the case, because the evidence showed appellant to be guilty of possession of methamphetamine, a lesser included offense of possession with intent to deliver methamphetamine.

Under the peril of double jeopardy, we were required to order an acquittal of appellant on the possession with intent to deliver charge under the authority of Supreme Court of the United States in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1, (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2141, 57 L.Ed.2d 15 (1978). However, the Court of Criminal Appeals has held that "once this Court has found the evidence insufficient on an al-

leged aggravating element, retrial on the lesser included offense is not precluded." *Moss v. State*, 574 S.W.2d 542 (Tex.Crim. App.1979); *Ex parte Harris*, 600 S.W.2d 791 (Tex.Crim.App.1980); *Granger v. State*, 605 S.W.2d 602 (Tex.Crim.App.1980).

■ A reading of the foregoing authorities will reveal that this court's opinion as issued is appropriate under its findings and needs no reformation. The state is free to retry appellant for the lesser included offense of possession.

The motion for rehearing is denied.