**Theran Noble AYERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 55365.**

Court of Criminal Appeals of Texas, Panel No. 2.

Sept. 20, 1978.

Thomas A. Autry, Austin, for appellant.

Ronald D. Earle, Dist. Atty., and Bill White, Asst. Dist. Atty., Austin, for the State.

Before ONION, P. J., and PHILLIPS and TOM G. DAVIS, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for possession of more than four ounces of marihuana, wherein the punishment was assessed by the court at four (4) years, probated.

The alleged offense occurred on February 10, 1974. The indictment was returned on July 30, 1974, and the appellant was tried before the court on a plea of not guilty on April 23, 1975. Following the conviction and notice of appeal, the appellate record reached the Court of Criminal Appeals on June 30, 1977, more than two years after the trial.

On July 6, 1977, a week after the appellate record was received, the appeal was dismissed for want of a proper judgment in accordance with Article 42.01, V.A.C.C.P. See *Savant v. State*, 535 S.W.2d 190 (Tex. Cr.App. 1976); *Mendez v. State*, 535 S.W.2d 365 (Tex.Cr.App. 1976).

On October 6, 1977, the trial court again had the appellant before the bench and again assessed punishment, both the court and counsel being under erroneous impressions as to why the appeal was dismissed. The supplemental record was received in the court on June 1, 1978, along with a proper judgment and briefs which had not originally been filed.

Appellant raises two grounds of error on appeal. Because we agree with appellant's second claim that the evidence is insufficient to sustain the conviction, we need not reach appellant's first contention that the search warrant affidavit did not meet the two-prong test of *Aguilar v. Texas,* 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964).

The record reflects that Austin police officers executed a search warrant at 3219 Nancy Gale in Travis County on February 10, 1974, which was based on an affidavit which stated, among other things, that appellant and one Diana Ingram were keeping, using and selling marihuana at said address. Upon entering the house, the officers found Randy Underwood and Susan Ray in the living room. Appellant was found behind the door of a bathroom with a gun which he "handed" (R. 49) to the officer present. Diana Ingram was found in a bedroom closet in which two bags of marihuana were discovered. Sgt. James Belvin testified that additional marihuana was found in a gray can on the side table in the dining room, in a red fruit cake can on the floor beside a chest in the living room, and that marihuana seeds were found in a Mason jar on the top of the chest and in a coffee can in the chest. Sgt. A. T. Lamme of the Austin Police Department described the amount of marihuana found as being seventeen to twenty-one ounces with thirteen ounces being seeds.[1] $1,300.00 in cash was also found.

The record indicates that the officers made no check to see who had leased or rented the house. The utilities were in the name of one Terry Newmar, which Lamme thought was a fictitious name. Some mail or personal papers were seized, but Lamme stated they "were all to their post office box they had been using out in Manchaca, as I recall." Lamme did not describe whom he meant by "they" and the names on papers were not revealed nor were the papers introduced into evidence. Although there was some testimony regarding surveillance of the house, the record is completely silent as to what the off and on surveillance re-

---

1. The stipulation as to the chemist report shows 11.241 ounces of marihuana and 10.13 ounces of marihuana seeds.

vealed, if anything, as to this appellant. No contraband or money was found in the bathroom in which appellant was found and there was no showing that any contraband or cash was found on the appellant in a search of his person which was conducted at the scene.

It is well settled in this state that to establish unlawful possession of a controlled substance, the State must prove two elements: (1) that the accused exercised care, control, and management over the contraband, and (2) that the accused knew the matter possessed was contraband. *Harrison v. State*, 555 S.W.2d 736 (Tex.Cr.App. 1977); *Curtis v. State*, 519 S.W.2d 883 (Tex. Cr.App. 1975); *Payne v. State*, 480 S.W.2d 732 (Tex.Cr.App. 1972). Moreover, possession of contraband need not be exclusive and evidence which shows the accused jointly possessed the contraband with another is sufficient. *Martinez v. State*, 539 S.W.2d 885 (Tex.Cr.App. 1976); *Woods v. State*, 533 S.W.2d 16 (Tex.Cr.App. 1976); *Curtis v. State,* supra. However, mere presence of an accused at a place where contraband is being used or possessed does not justify a finding of joint possession. *Harrison v. State*, supra; *Payne v. State*, supra; *Woods v. State*, supra.

Therefore, whether the theory of prosecution is sole or joint possession, there must be additional independent facts and circumstances which affirmatively link the accused to the contraband in such a manner that it can be concluded he had knowledge of the contraband as well as control over it. *Woods v. State*, supra, at p. 18, and the cases cited therein.

The State bases its contention that appellant jointly possessed the contraband in the instant case on two circumstances. Initially, appellee asserts that the information received through the informant which named the appellant provides an affirmative link between appellant and the contraband. However, we conclude that whatever the informant told the officers is no more than hearsay which certainly cannot be used in determining the sufficiency of the evidence. See, *Irvin v. State*, 563 S.W.2d 920 (Tex.Cr.App. 1978) (On rehearing). See also, *Maden v. State*, 542 S.W.2d 189 (Tex.Cr.App. 1976). Appellee next contends that the discovery of appellant in the bathroom with a gun is sufficient to affirmatively link him to the contraband found in other parts of the house. Based upon the record which has been presented for our review in this cause, we cannot agree with this contention.

The record reflects that officers, armed with a search warrant, conducted a search at the address in question pursuant to a search warrant. The warrant was based on an affidavit which states appellant and Ingram were keeping, using and possessing marihuana. The appellant was found in the bathroom of the house at the time of the search warrant. There was no showing that he had leased or rented the house, had the utilities in his name, or shared joint possession of the house. None of his. personal clothing or possessions were shown to be in the house. No cash or contraband was shown to have been found on his person. The personal papers and mail which were seized bearing a different address were not shown to reflect his name. There was no evidence of furtive gestures toward the contraband when the officers entered the premises, and no evidence of any marihuana smoke, no evidence of the appellant being under the influence of marihuana or other drugs, and no incriminating statements at the time of the arrest. However, the fact that appellant was found in the bathroom with a weapon in his hand seems to be relied upon by the State as an inference of an attempt to escape. We conclude that appellant's presence in the bathroom with a weapon, which he surrendered without resistance, is insufficient, standing alone, to affirmatively link him to the contraband which was seized in other parts of the house.

In *Burks v. United States*, —— U.S. ——, 98 S.Ct. 2141, 57 L.Ed.2d 1, the United States Supreme Court by opinion on June 14, 1978, held that the "Double Jeopardy Clause precludes a second trial once the reviewing court has found the evidence le-

gally insufficient . . . ." In *Greene v. Massey*, —— U.S. ——, 98 S.Ct. 2151, 57 L.Ed.2d 15, handed down the same day as the *Burks* decision, the Supreme Court held, "Since the constitutional prohibition against double jeopardy is fully applicable to state criminal proceedings, *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), we are bound to apply the standard announced in *Burks* to the case now under review."

Having found that reversal must result in the instant case since we concluded that the evidence is insufficient to support the conviction, the Supreme Court's decisions in *Burks v. United States*, supra, and *Greene v. Massey*, supra, dictate that no further prosecution be had in this cause.

The judgment of conviction is set aside and is reformed to show an acquittal.

For the reasons stated, the judgment is reversed and the cause is remanded.