**Ex parte Donald Gene MIXON.**

**No. 60318.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 28, 1979.

Rehearing Denied July 18, 1979.

Michael Tobin, Huntsville, on rehearing, for appellant.

Robert Huttash, State's Atty., Austin, on rehearing, for the State.

## OPINION

CLINTON, Judge.

This is an application for writ of habeas corpus filed pursuant to Article 11.07, V.A. C.C.P. After a November 17, 1978 hearing on the application the trial court made and filed findings of fact and conclusions of law which, in pertinent part, not only provide the setting for our consideration of the application but also correctly suggest the legal decision and relief that must follow:

"FINDINGS OF FACT

1. Petitioner, Donald Gene Mixon, was convicted in January of 1972 in the 69th Judicial District Court, Deaf Smith County, Texas, in Cause No. 2190 for theft of grain over the value of $50.00, and he appealed. The Court of Criminal Appeals of Texas held that the evidence was insufficient to support the conviction, therefore reversing the judgment and remanding the cause. *Mixon v. State*, Tex.Cr.App., 507 S.W.2d 238, . . .

2. In August of 1974, petitioner was tried for a second time in said Cause No. 2190, was convicted, and received a sentence of from two to seven years in the Texas Department of Corrections. Upon petitioner's appeal of this second conviction, the judgment was affirmed by the Court of Criminal Appeals in its Per Curiam opinion

number 50,175, . . . . (Delivered September 17, 1975 and unpublished)

3. * * *

4. As alleged by petitioner in his 'Ground # 6' his first conviction in said Cause No. 2190 was reversed and remanded upon a holding by the Court of Criminal Appeals of Texas that there was insufficient evidence to support the judgment of conviction. Petitioner was then re-tried in said Cause No. 2190, convicted, assessed a seven year prison sentence by the jury and sentenced to serve from two to seven years in the Texas Department of Corrections; and he was then unsuccessful in his appeal.

## CONCLUSIONS OF LAW

In accordance with the holdings of the United States Supreme Court in *Burks vs United States* [437], U.S. [1], 98 S.Ct. 2141, 57 L.Ed.2d 1, and *Greene v. Massey* [437], U.S. [19], 98 S.Ct. 2151, 57 L.Ed.2d 15, and the Court of Criminal Appeals of Texas in *Ayers vs State*, Tex.Crim.App., 570 S.W.2d 926, the Double Jeopardy Clause of the United States Constitution precludes a second trial once the reviewing court has found the evidence legally insufficient. It appears that the relief sought by petitioner, to wit: his discharge from confinement in

the Texas Department of Corrections under a conviction and sentence in said Cause No. 2190, should be granted."

 The habeas court is absolutely correct and the relator is entitled to relief—if the rule of *Burks* and *Greene*, supra, is to be applied retroactively. We hold that it is.[1] Accordingly, relator is granted the relief hereinafter ordered.

It is ordered that the judgment of conviction in Cause No. 2190 in the District Court of Deaf Smith County, Texas, 222nd Judicial District is set aside and is reformed to show an acquittal and relator is discharged from confinement in the Texas Department of Corrections under the sentence in said Cause No. 2190.

## OPINION ON STATE'S MOTION FOR LEAVE TO FILE MOTION FOR REHEARING

DOUGLAS, Judge, dissenting.

I dissent for the reasons stated in the dissenting opinion in *Ex parte Reynolds* (No. 60,647, June 20, 1979).

1. The Double Jeopardy Clause was held "fundamental to the American scheme of justice" and applicable to the states by *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969). This Court has recognized and followed the principle that retroactive effect is given to decisions which implement "the fundamental notions of fairness embodied within the concept of due process," as in, e. g., *Ex Parte Halford*, 536 S.W.2d 230 (Tex.Cr.App.1976). Clearly that principle is broad enough to include the "fundamental nature of the guarantee against double jeopardy," *Benton v. Maryland*, supra, 395 U.S. at 795, 89 S.Ct. at 2063.

Moreover, as explicated in *Burks*, supra, early failure to distinguish between reversals due to trial error and those resulting from evidentiary insufficiency "has contributed substantially to the present state of conceptual confusion existing in this area of the law." Pointing out that an appellate reversal for insufficiency of evidence means that the case for the prosecution was so lacking that it should not have ever

been submitted to the jury and that absolute finality is accorded a verdict of acquittal, so that "it is difficult to conceive how society has any greater interest in retrying a defendant when, on review, it [has been] decided as a matter of law that the jury could not properly have returned the verdict of guilty," the Supreme Court thought it mattered not in this context that a defendant had sought a new trial as one of his remedies for, "It cannot be meaningfully said that a person 'waives' his right to a judgment of acquittal by moving for a new trial." Given this rationale for the *Burks* conclusion, it "so raises *serious* questions about the accuracy of guilty verdicts in past trials," *Ivan V. v. New York*, 407 U.S. 203, 204, 92 S.Ct. 1951, 1952, 32 L.Ed.2d 659 (1972) that retroactive effect follows; see also *Hankerson v. North Carolina*, 432 U.S. 233, 97 S.Ct. 2339, 2344 (1977) holding retroactive the rule in *Mullaney v. Wilbur*, 421 U.S. 684, 95 S.Ct. 1881, 44 L.Ed.2d 508 (1975).