## Ex parte Weldon C. DIXON.

### No. 62089.

Court of Criminal Appeals of Texas, En Banc.

July 18, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DOUGLAS, Judge.

Dixon was convicted for the offense of aggravated robbery. His punishment was assessed at 16 years. He contends that he is entitled to relief because the first trial of

his case resulted in a reversal because the evidence was held to be insufficient to support the conviction and he was convicted in the present case for the same offense. We agree.

In *Dixon v. State*, 541 S.W.2d 437 (Tex. Cr.App.1976), the conviction was reversed because of insufficient evidence. He now attacks the second conviction because of the recent rulings of the Supreme Court of the United States in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), which held that a second trial is prohibited once a reviewing court determines that there was insufficient evidence to support the verdict.

Since those decisions were handed down, this Court has held the *Burks* and *Greene* cases to be retroactive. See *Ex parte Mixon*, 583 S.W.2d 378 (1979), and *Ex parte Reynolds* (No. 60647, June 20, 1979).

In view of these holdings, the relief sought should be granted and this is tantamount to an acquittal.

The relief sought is granted and Dixon is ordered released from custody from his conviction in cause no. 2270 in the District Court of Hunt County.

Robert Huttash, State's Atty., Austin, for the State.