**Ex parte Ralph Waldo HARRIS.**

**No. 60321.**

Court of Criminal Appeals of Texas, En Banc.

Nov. 7, 1979.

On Rehearing May 14, 1980.

Second Motion for Rehearing Denied July 16, 1980.

Robert Huttash, State's Atty., Austin, for the State.

Michael P. Gibson and Michael D. McKinley, Dallas, for appellant on rehearing.

## OPINION

**W. C. DAVIS, Judge.**

On July 26, 1978, petitioner was convicted for the offense of aggravated robbery. Punishment was assessed by the trial court at confinement for thirty-two years. Petitioner now contends that he is entitled to relief because the first trial of his case resulted in a reversal because the evidence was held to be insufficient to support the conviction and he was again convicted in the present case for the same offense.[1] We agree that he is entitled to relief.

In *Harris v. State*, 562 S.W.2d 463 (Tex.Cr.App.1978), this Court reversed appellant's conviction for aggravated robbery, holding that the evidence was insufficient to sustain the conviction. He now attacks the second conviction because of the recent rulings of the Supreme Court of the United States in *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene N. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.ED.2d 15 (1978), which held that a second trial is barred by double jeopardy once a reviewing court determines that there was insufficient evidence to support the verdict.

Since those decisions were handed down, this Court has held the *Burks* and *Greene* cases to be retroactive. See *Ex parte Mixon*, Tex.Cr.App., 583 S.W.2d 378 (1979), and *Ex parte Reynolds*, Tex.Cr.App., 588 S.W.2d 900 (1979).

In view of these holdings, the relief sought should be granted and this is tantamount to an acquittal. See *Ex parte Dixon*, Tex.Cr.App., 583 S.W.2d 793 (1979); *Ex parte Mixon*, supra.

It is ordered that the judgment of conviction in cause # F–76–5503–PM in the 194th District Court of Dallas County, Texas, is set aside and is reformed to show an acquittal, and petitioner is discharged from confinement in the Texas Department of Corrections under the sentence in this cause.

## RESPONDENT'S MOTION FOR REHEARING

**DOUGLAS, Judge.**

Harris was convicted of aggravated robbery and the cause was reversed, upon this Court's finding that the evidence was insufficient to sustain the conviction for aggravated robbery because it failed to show that the knife used in the robbery was a deadly weapon as defined by V.T.C.A., Penal Code, Section 1.07(a)(11). *Harris v. State*, 562 S.W.2d 463 (Tex.Cr.App.1978). He was retried and was again convicted of aggravated robbery. He then sought relief in this proceeding on the grounds that double jeopardy precluded a second conviction. He relied upon *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978). On original submission we agreed and ordered an acquittal on the aggravated robbery charge, applying *Burks* and *Massey* retroactively. *Ex parte Mixon*, 583 S.W.2d 378 (Tex.Cr.App.1979).

The question now before the Court is whether the petitioner is entitled to a new trial on the lesser included offense of robbery, or whether the trial judge may reform the judgment to reflect a conviction for robbery and assess punishment himself. In the original trial, both the question of Harris' guilt and the punishment were submitted to the jury. On retrial, the punishment was assessed by the court.

Article 44.25, V.A.C.C.P., mandates that if a cause is reversed because the verdict is contrary to the evidence the cause shall be remanded for a new trial. In *Johnson v. State*, 571 S.W.2d 4 (Tex.Cr.App.1978), Article 44.25, supra, was held unconstitutional only to the extent it conflicted with *Burks* and *Massey*. 571 S.W.2d 6, fn.2. In *Moss v. State*, 574 S.W.2d 542 (Tex.Cr.App.1978) (appellant's motion for rehearing), we held that, once this Court has found the evidence insufficient on an alleged aggravating ele-

1. Petitioner has filed both an application for a writ of habeas corpus and an application for a writ of mandamus. We will treat both together as an application for a writ of habeas corpus.

ment, retrial on the lesser included offense is not precluded. See *Rogers v. State*, 575 S.W.2d 555 (Tex.Cr.App.1979).

The State contends that because the evidence is sufficient to sustain a conviction for robbery the judgment need only be reformed and petitioner re-sentenced. In *Moss v. State*, supra, we held it improper to assume that the same jury or judge will assess the same punishment for a lesser included offense as for the greater. We held that, where the court had assessed punishment, the cause should be remanded to the trial court for a hearing on punishment alone. 574 S.W.2d at 545.

The error occurred during the guilt or innocence phase of the trial. It is only where the error occurs in the punishment phase before the court that a new hearing on punishment alone is called for. *Bullard v. State*, 533 S.W.2d 812 (Tex.Cr.App.1976).

The motion for rehearing is granted to the extent that the applicant may be tried for the offense of robbery.

It is so ordered.

ROBERTS, PHILLIPS and CLINTON, JJ., dissent.