**John Sheldon SEIDEL, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 05–83–00027–CR.**

Court of Appeals of Texas, Dallas.

June 9, 1983.

Discretionary Review Refused Nov. 16, 1983.

Robert Baskett, H. Stephen Sumner, Dallas, for appellant.

Roger V. Dickey, Asst. Dist. Atty., for appellee.

Before STEPHENS, SPARLING and VANCE, JJ.

STEPHENS, Justice.

John Sheldon Seidel was sentenced to three years imprisonment, probated, fined $500, and ordered to pay restitution of $1,250 upon his conviction for theft of property of a value of at least $200 but less than $10,000. Among four grounds of error presented to us for review, appellant contends that the evidence was insufficient to prove that the value of the property stolen was at least $200.00. We agree, and accordingly we reverse and order appellant acquitted.

The complaining witness was a builder who had been losing shrubbery from the yards of two of his vacant houses. He

marked six of the remaining plants with paint and while hiding in one of the vacant houses observed two men pull some of the shrubs and take them to appellant's garage. The police were notified and the next day confronted the appellant, questioned him about the theft, and were invited by appellant to search his garage. Their search turned up the six marked plants, as well as many other unmarked plants. At trial the builder admitted that he could identify only the plants sprayed with black paint as property stolen from him. The evidence shows the greatest value of any one plant to be $26.00. Consequently, we conclude that the proven value of the stolen property was less than $200.00.

Reversed and the appellant is ordered acquitted.

SPARLING, Justice, concurring.

I concur with the majority holding that the conviction must be reversed, but believe that it should be understood that the order of acquittal was without prejudice to any lesser included offense raised by the evidence.

The appellant testified that he stole *some* shrubs from Beckham on April 26, 1980, and the six identifiable shrubs were later found in appellant's garage. Thus, although the evidence is insufficient to sustain the conviction for felony theft, the defendant may be retried for the lesser included offense of theft of property valued under $200. *See Flanagan v. State,* No. 60,580, —— S.W.2d —— (Tex.Cr.App. December 22, 1982) (attempted murder, may be retried for any lesser included offense of attempted of murder); *Black v. State,* 637 S.W.2d 923 (Tex.Cr.App.1982) (aggravated robbery, may be retried for robbery); *Ex parte Harris,* 600 S.W.2d 791 (Tex.Cr.App.1980) (*en banc*) (on rehearing) (aggravated robbery, may be retried for robbery). *Rogers v. State,* 575 S.W.2d 555 (Tex.Cr.App.1979) (aggravated rape, may be retried for rape); *Moss v. State,* 574 S.W.2d 542 (Tex.Cr.App. 1978) (burglary of a habitation, may be retried for burglary of a building). *Cruz v. State,* 629 S.W.2d 852 (Tex.App.—Corpus Christi, 1982) (capital murder, may be retried for murder).