**Ex parte Dallas Alan MARTIN, Jr.**

**No. 67540.**

Court of Criminal Appeals of Texas, En Banc.

Feb. 10, 1988.

Dallas Alan Martin, Jr., pro se.

Henry Wade, Former Dist. Atty. and Gregg S. Long, Asst. Dist. Atty., Dallas, Robert Huttash, State's Atty., Austin, for the State.

OPINION ON STATE'S MOTION
FOR REHEARING

ONION, Presiding Judge.

This is a post-conviction habeas corpus proceeding. See Article 11.07, V.A.C.C.P.

Applicant alleged he was convicted of burglary of a vehicle on December 5, 1977, and that his punishment, enhanced by allegation and proof of two prior felony convictions, was assessed at life imprisonment. See V.T.C.A., Penal Code, § 12.42(d), then in effect. In his habeas application he challenged the use of one of the prior convictions for enhancement of punishment, claiming it was a void conviction by reason of former jeopardy.

The prior conviction in question was for felony theft in Cause No. C-72-441-IN in the 195th District Court of Dallas County. Applicant's original conviction for such offense was reversed in *Martin v. State*, 491 S.W.2d 421 (Tex.Cr.App.1973), after it was found the evidence was insufficient to support the judgment based on his plea of guilty before the court. See Article 1.15, V.A.C.C.P. Shortly after the reversal applicant was again convicted of the same offense. It was this latter conviction, obtained after the reversal, which was alleged and used to enhance applicant's punishment in his 1977 conviction for burglary of a vehicle.

On original submission this Court, finding that *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), had held that the Double Jeopardy Clause (Fifth Amendment) of the United States Constitution precludes a second trial once the reviewing court has found the evidence legally insufficient to support a conviction, and finding that *Burks* and *Greene* had been applied retroactively, see *Ex parte Mixon*, 583 S.W.2d 378 (Tex.Cr.App.1979), remanded the cause to the trial court for proper assessment of punishment since the court had assessed punishment rather than a jury.[1]

We granted the State's motion for rehearing. In *Burks*, a federal prosecution, the United States Supreme Court held that the Double Jeopardy Clause of the Fifth Amendment precludes a second trial once a reviewing court has determined that the evidence introduced at trial was insufficient to sustain the verdict. In *Greene* the Court held that since the constitutional prohibition against double jeopardy is fully applicable to state criminal proceedings, *Benton v. Maryland*, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the standard announced in *Burks* applies to state cases. Thus, in both federal and state cases where the prosecution has failed to prove its case, it does not get "an opportunity for the proverbial 'second bite at the apple.'" *Burks*, 437 U.S. at p. 17, 98 S.Ct. at p. 2150. Both *Burks* and *Greene* made clear that reversal for trial error, as distinguished from evidentiary insufficiency, does not constitute a decision to the effect that the prosecution has failed to prove its case.

It is important to note that *Burks* and *Greene* involved contested jury trials where the plea was not guilty, and where the burden of proof was on the prosecution to prove each element of the criminal offense beyond a reasonable doubt. See *In re Winship*, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970).

In the instant case the prior conviction involved a plea of guilty before the court and a failure to comply with a state statute. Article 1.15, V.A.C.C.P.[2]

1. It does not appear that the applicant objected to the use of the prior conviction for enhancement of punishment on the ground of double jeopardy. On original submission it was held that the issue of double jeopardy could be raised in these proceedings citing *Jones v. State*, 586 S.W.2d 542 (Tex.Cr.App.1979).

2. Article 1.15, supra, provides:
   "No person can be convicted of a felony except upon the verdict of a jury duly rendered and recorded, unless in felony cases less than capital, the defendant, upon entering a plea, has in open court in person waived his right of trial by jury in writing in accordance with Articles 1.13 and 1.14; provided, however, that it shall be necessary for the state to introduce evidence into the record showing the guilt of the defendant and said evidence shall be accepted by the court as the basis for its judgment and in no event shall a person charged be convicted upon his plea without sufficient evidence to support the same. The evidence may be stipulated if the defendant in such case consents in writing, in open court, to waive the appearance, confrontation, and cross-examination of witnesses, and further consents either to an oral stipulation of the

Only recently in *Ex parte Williams*, 703 S.W.2d 674 (Tex.Cr.App.1986), it was held there is no federal constitutional requirement that evidence of guilt must be offered to corroborate a guilty plea in a state criminal prosecution, and that the "rationality" test of *Jackson v. Virginia*, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979),[3] has no application thereto, and that a defendant cannot collaterally attack the sufficiency of the evidence to support his guilty plea or plea of nolo contendere.

In *Williams*, this Court wrote:

"*Jackson* and *Winship* are only applicable where the federal constitution places the burden on the prosecution to establish guilt beyond a reasonable doubt. Neither case is applicable where a defendant knowingly, intelligently and voluntarily enters a plea of guilty or nolo contendere. *Boykin v. Alabama*, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). In *Boykin* the Court made clear that a guilty plea is more far-reaching than a confession admitting that a defendant performed certain deeds. It is a conviction with nothing remaining but for the court to determine punishment and render judgment. *Boykin*, 395 U.S. at 242, 89 S.Ct. at 1711–1712; *Machibrada v. United States*, 368 U.S. 487, 493, 82 S.Ct. 510, 513, 7 L.Ed.2d 473 (1962); *United States v. Robertson*, 698 F.2d 703 (5th Cir.1983); Wharton's Criminal Procedure, 12th Ed. (Tureca), Vol. 2, § 339, p. 224.

"In *Kercheval v. United States*, 274 U.S. 220, 47 S.Ct. 582, 71 L.Ed.2d 1009 (1927), it was written:

evidence and testimony or to the introduction of testimony by affidavits, written statements of witnesses, and any other documentary evidence in support of the judgment of the court. Such waiver and consent must be approved by the court in writing, and be filed in the file of the papers of the cause."

3. In *Jackson*, the Court held that in a challenge to a state conviction brought under habeas corpus statute, which requires federal courts to entertain a state prisoner's claim that he is being held in custody in violation of the constitution or laws of the United States, the applicant is entitled to federal habeas corpus relief if it is

"A plea of guilty differs in purpose and effect from a mere admission or an extrajudicial confession; it is itself a conviction. Like a verdict of a jury, it is conclusive. More is not required; the court has nothing to do but give judgment and sentence." See also *North Carolina v. Alford*, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162 (1970).

"'The entry of a valid plea of guilty has the effect of admitting all material facts alleged in the formal criminal charge. *United States v. Bendicks*, 449 F.2d 313 (5th Cir.1971); *Brazzell v. Adams*, 493 F.2d 489 (5th Cir.1974). See also *McCarthy v. United States*, 394 U.S. 459, 89 S.Ct. 1166, 22 L.Ed.2d 418 (1969); *Moore v. United States*, 425 F.2d 1290 (5th Cir. 1970), cert. den. 400 U.S. 846 [91 S.Ct. 91, 27 L.Ed.2d 83]. A plea of guilty waives all nonjurisdictional defenses including contention as to the insufficiency of the evidence. *Mapson v. Cox*, 313 F.Supp. 465 (D.C.Va.1970).

"If the court is satisfied a factual basis exists for the guilty plea, a federal court may enter judgment upon that plea. Fed.Rules Cr.Pro., Rule 11(f); *United States v. Oberski*, 734 F.2d 1030 (5th Cir.1984). See also American Bar Association Standards for Criminal Justice, 2nd Ed., Standards Relating to Pleas of Guilty, Chapter 14, § 1.6.

"It is clear then there is no federal constitutional requirement that evidence of guilt must be offered to corroborate a guilty plea in a state criminal prosecution, and that the "rationality" test of *Jackson* has no application thereto.'"

found that upon the evidence adduced at trial no rational trier of fact could have found proof of the essential elements of the crime beyond a reasonable doubt.

The implications of *Jackson* are not limited to the habeas corpus context. This Court has applied the "rationality" test on direct appeals in both direct and circumstantial evidence cases. See *Carlsen v. State*, 654 S.W.2d 444 (Tex.Cr. App.1983) (Opinion on State's Motion for Rehearing); *Brandley v. State*, 691 S.W.2d 699, 703 (Tex.Cr.App.1985); *Houston v. State*, 663 S.W.2d 455 (Tex.Cr.App.1984); *Dickey v. State*, 693 S.W. 2d 386 (Tex.Cr.App.1984).

We now turn to the necessity of evidence in Texas when the plea is guilty or nolo contendere. In *Williams*, supra, this Court also wrote:

"In a misdemeanor case when a defendant enters a plea of guilty before the court he admits every element of the offense. *Ex parte Clinnard*, 169 S.W.2d 181 (Tex.Cr.App.1943); *Brown v. State*, 507 S.W.2d 235 (Tex.Cr.App.1974). See also *Dees v. State*, 676 S.W.2d 403 (Tex. Cr.App.1984). The same rule applies where the guilty plea to a misdemeanor is before the jury. *Brown v. State*, supra. Article 27.14, V.A.C.C.P., provides that in pleas of guilty or nolo contendere in a misdemeanor case before the court punishment may be assessed by the court with or without evidence within the discretion of the court. See *Foster v. State*, 422 S.W.2d 447 (Tex.Cr.App.1967); *Brown v. State*, supra. Thus, normally on appeal from a misdemeanor conviction based on a plea of guilty or nolo contendere there can be no question of the sufficiency of the evidence. It follows that a collateral attack of the sufficiency of the evidence to support a misdemeanor conviction by habeas corpus is not permitted.

"In felony cases a plea of guilty before the jury admits the existence of all necessary elements to establish guilt, and in such cases, the introduction of testimony by the State is to enable the jury to intelligently exercise the discretion which the law vests in them touching the penalty to be assessed. *Darden v. State*, 430 S.W.2d 494, 495 (Tex.Cr.App.1968), and cases there cited; *Renesto v. State*, 452 S.W.2d 498 (Tex.Cr.App.1970); *Brown v. State*, 507 S.W.2d 235 (Tex.Cr.App.1974); *Brinson v. State*, 570 S.W.2d 937 (Tex. Cr.App.1978); *Williams v. State*, 674 S.W.2d 315 (Tex.Cr.App.1984). In such cases there is no question of the sufficiency of the evidence on appeal, *Brinson v. State*, supra, or on collateral attack. *Ex parte Taylor*, 480 S.W.2d 692 (Tex.Cr.App.1972).

"As to the necessity of evidence where a plea of guilty or nolo contendere in a non-capital felony case is entered before the court, the rule is different. Texas has a procedural requirement in such cases unlike that of most jurisdictions and even unlike such pleas in misdemeanor cases in this state. Article 1.15, V.A. C.C.P. (former Article 12, V.A.C.C.P., 1925) requires that the State offer sufficient proof to support any judgment based on a guilty or nolo contendere plea to a felony case tried before the court. Under this statute evidence is received to support the judgment, not to accept a plea of guilty or nolo contendere. *Thornton v. State*, 601 S.W.2d 340, 347 (Tex.Cr.App.1980) (opinion on rehearing). Article 1.15, supra, is an additional procedural safeguard required by the State of Texas but not by federal constitutional law. The history of the statute and its requirements are discussed in *Rodriguez v. State*, 442 S.W.2d 376, 379 (Tex.Cr. App.1969), and *Thornton v. State*, supra. In 1931 former Article 12, V.A.C.C.P., 1925, was amended along with other statutes to permit a defendant to waive a jury trial and enter a plea of guilty before the court in a felony case less than capital. Prior to such time there had to be a jury trial in felony cases regardless of the plea. Since there would no longer be a verdict of one's peers before a defendant was sent to prison, the statute required sufficient evidence to support the judgment where he entered a guilty plea before the court to a non-capital felony. See *Franklin v. State*, 144 S.W. 2d 581 (Tex.Cr.App.1940)."

It should be clear from what has been said that *Burks* and *Greene* do not apply in a federal constitutional sense in either federal or state cases where the defendant has intelligently, knowingly and voluntarily entered a plea of guilty or nolo contendere. *Boykin v. Alabama*, supra, makes clear such a plea is a conviction with nothing remaining but for the court to determine punishment and render judgment. *Boykin*, 395 U.S. at 242, 89 S.Ct. at 1711. See and cf. Fed.Rules Cr.Pro., Rule 11(f).

Texas is somewhat unique in that since 1931 there has been a state statute (Article 1.15, V.A.C.C.P., and its forerunner) which

requires that in a felony case less than capital, where the defendant waives trial by jury and enters a plea of guilty or nolo contendere, it is necessary for the State "to introduce evidence into the record showing the guilt of the defendant *and said evidence shall be accepted by the court as the basis for its judgment....*" (Emphasis supplied.) The failure to comply with such state statute does not a federal constitutional violation make, nor does it render *Burks* and *Greene* applicable to such proceedings so that the defendant who knowingly, intelligently and voluntarily enters a guilty plea goes free and stands acquitted for evermore of the crime to which he had pleaded guilty. To the extent that *Laflore v. State*, 595 S.W.2d 862 (Tex.Cr.App.1980), and *Thornton v. State*, 601 S.W.2d 340 (Tex.Cr.App.1980) (opinion on rehearing), and their progeny are in conflict with today's holding, they are overruled to the extent of the conflict.

There is another reason why *Burks* and *Greene* are not applicable to the instant case. In *Martin v. State*, 491 S.W.2d 421 (Tex.Cr.App.1973), this Court found that following the guilty plea before the court in Cause No. C–72–441–IN in the 195th District Court, the evidence was insufficient to support the judgment. Thus if the court accepted such evidence as the basis for its judgment, there was trial error in light of Article 1.15, V.A.C.C.P. *Burks* and *Greene* have no application to trial error.

For the reasons stated, the earlier order granting relief is set aside, and the relief prayed for by the applicant is denied.

CAMPBELL, J., concurs.

MILLER, J., dissents.

CLINTON, Judge, dissenting.

The opinion on original submission of this cause was delivered by a unanimous En Banc Court on April 29, 1981. The core of that decision is founded on a progression of three propositions, *viz:* In *Burks* and *Greene* the Supreme Court of the United States held that "the Double Jeopardy Clause of the United States Constitution precludes a second trial once a reviewing court has found the evidence legally insufficient to support a conviction."[1] The Court held in *Ex parte Mixon* the rule would be applied retroactively.[2] And, as in *Laflore*, the rule is applicable following a reversal "for insufficient evidence to support a plea of guilty."[3] Accordingly, Judge Tom Davis wrote that the Court concluded a prior reversal of a conviction for legally insufficient evidence to support a guilty plea under Article 1.15, V.A.C.C.P., barred a second prosecution for the same offense, thereby rendering the latter conviction "unavailable for enhancement purposes." The cause was therefore remanded to the trial court for reassessment of punishment within the appropriate range. See *Martin v. State*, 491 S.W.2d 421 (Tex. Cr.App.1973).

The State filed its motion for rehearing June 17, 1981. At that time rules of the Court adopted and promulgated November 30, 1977, effective January 1, 1978, included Rule 11, styled "Rehearings After an Initial Disposition by the Court En Banc."

1. *Burks v. United States*, 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978); *Greene v. Massey*, 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978).

2. *Ex Parte Mixon*, 583 S.W.2d 378 (Tex.Cr.App. 1979), *cert. denied, Texas v. Mixon*, 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980). *Accord: Ex parte Dixon*, 583 S.W.2d 793 (Tex.Cr.App. 1979), *cert. denied, Texas v. Dixon*, 445 U.S. 919, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980); *Ex parte Reynolds*, 588 S.W.2d 900 (Tex.Cr.App.1979), *cert. denied, Texas v. Reynolds*, 445 U.S. 920, 100 S.Ct. 1284, 63 L.Ed.2d 605 (1980).

3. *Laflore v. State*, 595 S.W.2d 862 (Tex.Cr.App. 1980). Note, however, that in *Laflore* the En Banc Court did not cite *Burks* and *Greene*, su-

pra. Rather, we found that "the holding of *Ex parte Moffett*, 542 S.W.2d 184 (Tex.Cr.App.1976) controls this case," in that there was no evidence to support the guilty plea, and we reversed the judgment and remanded the cause to the trial court with instructions to enter a judgment of acquittal—just as had been done in *Thornton v. State*, 601 S.W.2d 340 (Tex.Cr.App. 1979), on original submission by a Court Panel (of which this writer was a member). Writing for the Panel in *Thornton v. State*, supra, at 343, Judge W.C. Davis did not cite *Burks* and *Green* either.

See "Rules of the Court of Criminal Appeals" following Article 44.33, V.A.C.C.P. (1979). Rule 11 provided, *inter alia,* that a party desiring a rehearing "must" present a motion for rehearing, *"distinctly specifying the grounds relied on* for a rehearing," and "such written argument *in behalf of the motion* as may be desired."[4]

In its motion for rehearing the State presents a single ground of error asserting that the Court erred in remanding the cause for reassessment of punishment pursuant to its determination that the prior conviction was not available for enhancement, "as such would be a tremendous burden upon the administration of justice."[5]

Under the heading "Arguments for Leave to File and in Support of Motion for Rehearing," after reviewing criteria then extant for determining retroactive application of new constitutional rules, the district attorney's *only* argument is to the effect that retroactive application of *Burks* and *Greene* in such a situation would create extremely great prejudice to the State and to administration of justice. The argument concludes:

"The doctrine of retroactivity should not be carried so far as to cause the remand of a conviction or new trial of that conviction due to the use in that conviction of an enhancement prior which enhancement prior was declared void only after the subsequent conviction in which it was used became final."

Thus both distinctly specified ground for rehearing and argument in behalf of the motion contest only retroactive application of the decision of the Court. There is not the slightest suggestion in either that our opinion on original submission is wrong on the law. Nonetheless, now more than six years later, the plurality gratuitously "rehears" that which has not been contested in order to overrule *Laflore v. State* and *Thornton v. State,* both supra—expressly specifying, however, just the opinion on rehearing in the latter, to which the author of the plurality opinion in this cause is the sole dissenter remaining on the Court.

The plurality opinion reproduces massive excerpts from *Ex parte Williams,* 703 S.W.2d 674 (Tex.Cr.App.1986), leading a majority of the Court to conclude the *Jackson* and *Winship* opinions of the Supreme Court have no impact upon guilty pleas entered before a trial court or affect our rule that sufficiency of the evidence may not be collaterally attacked by habeas corpus. *Id.,* at 678, 683. Now the same excerpts are said also to mean that "in a federal constitutional sense" the *Burks–Greene* jeopardy rule does not apply to a conviction upon a plea of guilty or nolo contendere. At 792. Neither *Laflore* nor *Thornton* holds that it does.

The opinion of the Court in *Ex parte Moffett,* 542 S.W.2d 184 (Tex.Cr.App.1976), the holding of which we found controlled disposition of *LaFlore,* was delivered October 20, 1976—more than a year and seven months before rendition of *Burks–Greene* on June 14, 1978. *Moffett* is a postconviction habeas corpus proceeding involving a collateral attack against an order revoking probation. Under the facts and circumstances presented, in an opinion approved by the Court, then Commissioner Dally found that "the order of revocation is unsupported by any proper evidence" and the Court held, "There being no evidence to support the order revoking probation, a violation of due process has been shown and the order is subject to collateral attack by habeas corpus." The relief granted was to set aside the order revoking probation. *Id.,* at 186.

---

4. All emphasis is mine throughout unless otherwise noted.

5. Verbatim, the ground for rehearing is as follows:
   "THE COURT OF CRIMINAL APPEALS INCORRECTLY HELD THAT CAUSE NO. F77–8054–KQ SHOULD BE REMANDED FOR PUNISHMENT DUE TO THE USE OF A PRIOR FOR ENHANCEMENT VIOLATING THE *BURKS V. UNITED STATES* AND *GREENE V. MASSEY* DOCTRINE PROHIBITING RETRIAL FOLLOWING THE APPELLATE COURT'S FINDING OF INSUFFICIENCY OF THE EVIDENCE TO SUPPORT THE CONVICTION, AS SUCH WOULD BE A TREMENDOUS BURDEN ON THE ADMINISTRATION OF JUSTICE."

In *Thornton,* supra, on original submission, following the *Moffett* exception to the general rule that sufficiency of evidence may not be collaterally attacked, and relying on the decision in *Reid v. State,* 560 S.W.2d 99 (Tex.Cr.App.1978), in a similar situation, a Court Panel (Dally, W.C. Davis and Clinton, JJ.) found that "the admissions of appellant in his judicial confession will not support a conviction based upon the offense charged in the indictment, [and there] is no other evidence contained [in the record] to support appellant's guilt of forgery by passing ... as alleged in the indictment." Therefore, the judgment was reversed and "the trial court is *ordered to enter a judgment of acquittal." Id.,* at 342–343.

In *Laflore* the defendant appealing from an order revoking probation contended that there was no evidence introduced at the trial on her plea of guilty to establish her guilt of the primary offense. Contrasting the "judicial confession" in *Dinnery v. State,* 592 S.W.2d 343 (Tex.Cr.App.1980), the *Laflore* Court found that "the record itself demonstrates an absolute lack of *any* evidence tending to support the plea of guilty and ... the 'judicial confession' relied upon by the *Dinnery* majority was not made." *Id.,* at 864 (emphasis in original). Relying on *Moffett,* the unanimous En Banc Court concluded:

"Therefore, for lack of any evidence to support her conviction, appellant's motion for rehearing is granted, the affirmance is set aside, and the judgment is now reversed and remanded to the trial court *with instructions to enter a judgment of acquittal."*

*Ibid.*

At that point in time, then, teachings of *Moffett* had been explicitly accepted by every member of the Court, some of them more than once. After finding evidence legally insufficient to support a conviction upon a guilty plea, both *Laflore* and *Thornton* on original submission ordered an acquittal. Meanwhile, *Thornton* was pending on motions for rehearing by the respective parties. See *Thornton,* supra, at 343.

For its part, the State did not contest the finding of "no evidence" by the Court Panel. *Id.,* at 343–344. Nor did the State contend that reliance of *Moffett* was misplaced. *Ibid.* Rather it presumed that in ordering an acquittal in *Thornton* (there was no motion for rehearing in *Laflore* ), the Court had *Burks–Greene* in mind, so it took the position that those federal constitutional jeopardy dictates do not apply to a conviction following plea of guilty pursuant to Article 1.15. *Ibid.* And apparently laboring under the same impression, today the plurality opines that "failure to comply with [Article 1.15] does not a federal constitutional violation make, nor does it render *Burks* and *Greene* applicable to such proceedings[.]" At 793.

In its opinion on rehearing in *Thornton* the Court did not *hold* otherwise.

We first examined underlying public interests found by the Supreme Court and the resulting rationale it employed in *Burks–Greene,* then looked to the burden of proof in a jury trial and in a bench trial on a plea of not guilty and a plea of guilty or nolo contendere, and came to the following conclusions:

"There is no greater societal interest we perceive in retrying an accused after a judge has done what a jury may not. The trial court, as a matter of law, while empowered to accept the guilty plea, was not authorized to *find him guilty* on the basis of the State's evidence. [Note omitted demonstrating federal common law effect of guilty plea not of constitutional origin]. We agree with the Supreme Court that there is no compelling interest in retrying an accused after the State has already had 'its turn at bat'— before a judge or jury—though the Supreme Court spoke in the context of a jury trial."

*Id.,* at 345 (emphasis in original).

Next, the Court turned to review the constitutional insistence of Texans on right to trial by an impartial jury, some related public policy determinations considered by the Court, and the equally constitutional moderation of that requirement in 1931 by the Legislature in enacting the predecessor

to Article 1.15, by which "evidence is received to support the judgment, not to accept a plea." We discerned from Supreme Court decisions the principle that "States are free to reject the common law effect of a plea of guilty and adopt their own measures to govern their trial courts in trying a guilty plea case, including a requirement that sufficient evidence be presented by the State to show guilt," and we found that "the concept of 'Our Federalism' militates against directed application of the federal view of consequences of a guilty plea to an otherwise constitutional procedure adopted by a State to convict on a guilty plea when trial by jury has been waived." *Id.*, at 346–347. Accordingly, in that connection, we concluded:

> "Thus, it matters not at all that the common law viewed a plea of guilty as a conviction, nor is it all that clear that such view is 'the constitutional sense.' What does matter and what is clear is that Texas is not, and patently has not subjected itself to be, bound by any such federal common law doctrine of conviction by plea. That doctrine simply has not been imposed on the criminal law of this State by the Constitution of the United States or by the Supreme Court of the United States directly or through Fourteenth Amendment 'incorporation' or any other fashion."

*Id.*, at 348.

Finally, the *Thornton* Court announced its *holding* on rehearing, *viz:*

> "Therefore, based on deeply felt and stoutly maintained considerations of public policy that produced, *inter alia,* Article I, §§ 10 and 15 of the Constitution of Texas and Article 1.15 of its code of criminal procedure, and borrowing the *Burks–Greene* rationale, we *hold* that the jeopardy provisions of Article I, § 14 of the Constitution of Texas and its implementing statutory provisions are fully applicable to a trial of a guilty plea where the evidence introduced by the State to show the guilt of an accused and accepted by a trial court fail[s] as a matter of law to constitute sufficient evidence to support the judgment of conviction."

*Ibid.*

To say, as the plurality does, that a trial judge's finding an accused guilty on insufficient evidence is "trial error" is to give new meaning to the concept of "double jeopardy."

I dissent.

DUNCAN, J., joins.

TEAGUE, Judge, dissenting.

Dallas Alan Martin, Jr., hereinafter applicant, challenges by way of Article 11.07, V.A.C.C.P., the validity of the life sentence that is causing him to be presently confined in the Department of Corrections. Applicant specifically challenges in his application the use by the State, for enhancement of punishment purposes, of a prior felony conviction that he sustained in 1973. Punishment was assessed by the trial judge pursuant to Penal Code, § 12.42(d), prior to amendment, at life imprisonment. Applicant asserts in his application that the double jeopardy clauses prohibited the State from using the 1973 conviction to enhance his punishment to life imprisonment.

On original submission, this Court unanimously agreed with applicant and held that "the second conviction obtained in this cause was invalid and unavailable for enhancement purposes", and remanded the cause to the trial court for a new hearing on punishment. In a majority opinion that I find is seriously flawed, for reasons that I will later state, this Court now rejects applicant's contention.

I believe that to fully appreciate applicant's contention it is necessary to understand what has happened to applicant in the past when he appeared before this Court, and what this Court has previously held in those causes.

This Court's records reflect that in *Martin v. State,* 491 S.W.2d 421 (Tex.Cr.App. 1973), this Court, in reversing applicant's conviction in that cause, held either that because the evidence was insufficient or that because "no evidence" was adduced on the element of the indictment that went to

ownership the trial court's judgment had to be reversed. Two weeks later, applicant was reindicted, and, without protest, again pled guilty to the same offense, was again found guilty, and the same punishment was assessed. Applicant was thereafter transferred to the Department of Corrections where he successfully completed serving that sentence. Until now, applicant has never challenged the validity of that conviction and sentence.

The records of this Court also reflect that after applicant had been released from the penitentiary he was charged by indictment with committing a new felony offense, burglary of a vehicle. Two prior convictions, one of which was the 1973 reindictment conviction that he had sustained, were alleged to enhance his punishment. See V.T.C.A., Penal Code, § 12.42(d), prior to amendment. Applicant did not in that cause challenge pretrial, during trial, or on appeal the validity of the 1973 reindictment conviction and sentence that he had sustained on the ground of double jeopardy. The jury found applicant guilty and the trial court assessed his punishment at life imprisonment pursuant to § 12.42(d), supra. In an unpublished panel opinion of this Court, the trial court's judgment and sentence were affirmed. See *Martin v. State*, 600 S.W.2d 336 (Tex.Cr. App.1980). The only issue that was presented on appeal was whether the indictment that went to the primary offense was fundamentally defective. This Court held that it was not, overruled applicant's ground of error, and affirmed the trial court's judgment and sentence.

When this Court reversed the conviction that applicant had sustained in 1973, the law of this State provided that the double jeopardy provisions of the respective Constitutions did not bar a retrial after the defendant had succeeded on appeal in obtaining a reversal of his conviction because the evidence was held to be insufficient— the defendant was presumed in that instance to have waived any objection to being put a second time in jeopardy, and thus could be tried anew. See, for example, 1 *Bish. Crim.Law* (4th ed.) § 844; *Sterling*

*et al. v. State*, 25 Tex.App. 716, 9 S.W. 45 (1888).

However, in 1960, approximately 13 years before this Court reversed applicant's conviction and prior to when applicant was convicted on the reindictment, the Supreme Court created an exception to the above rule of law, and held in *Thompson v. City of Louisville*, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960), that a conviction based upon "no evidence" violated due process of law. Notwithstanding this Court's express holding that there was "no evidence" as to one of the elements of the offense, and just two weeks after this Court had reversed applicant's conviction, after being reindicted for the same offense, without protest, applicant was again convicted on a plea of guilty and his punishment was again assesssed at 3 years' confinement in the Department of Corrections. Applicant apparently successfully completed serving that sentence.

In this proceeding, apparently for the first time ever, applicant challenges the validity of his life sentence on the ground that the double jeopardy clauses prohibited the State from using the 1973 reindictment felony conviction to enhance his punishment to life imprisonment in the present cause. Is this permissible?

This Court has long stated and held that the failure to object at trial does not constitute a waiver of the right to raise the issue of double jeopardy in a post conviction collateral habeas corpus attack. See, for example, *Ex parte Pleasant*, 577 S.W.2d 256 (Tex.Cr.App.1979); *Ex parte Hilliard*, 538 S.W.2d 135 (Tex.Cr.App.1976); *Ex parte Jewel*, 535 S.W.2d 362 (Tex.Cr.App.1976). Thus, the fact that applicant has never complained that the 1973 conviction was barred from future use does not estop him from complaining now. Furthermore, this Court has long held that the fact that an applicant subsequently entered a plea of guilty to the same charge does not preclude him from raising the double jeopardy contention in an application for writ of habeas corpus. See, for example, *Ex parte Morehead*, 596 S.W.2d 895 (Tex.Cr.App.1980); *Ex parte Hilliard*, supra; *Ex parte Jewel*,

supra; *Ex parte Scelles,* 511 S.W.2d 300 (Tex.Cr.App.1974). Also see *Menna v. New York,* 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975); *Blackledge v. Perry,* 417 U.S. 21, 94 S.Ct. 2098, 40 L.Ed.2d 628 (1974); *United States v. Broussard,* 645 F.2d 504 (5th Cir.1981); *Green v. Estelle,* 524 F.2d 1243 (5th Cir.1975).

In 1979, this Court, either expressly or implicitly, overruled the above rule of law that the double jeopardy clauses did not prevent retrial where this Court had previously found the evidence was insufficient to support the defendant's conviction. Except for the fact that applicant had entered a plea of guilty, and was tried before the court on his plea, what occurred in applicant's situation is almost exactly what occurred in *Ex parte Reynolds,* 588 S.W.2d 900 (Tex.Cr.App.1979), in which this Court granted that defendant relief. The defendant in *Ex parte Reynolds,* supra, had challenged the validity of her second conviction, which occurred after this Court had held that the evidence was insufficient to sustain her conviction, on the ground of double jeopardy. Relief was granted.

As previously noted, on original submission, this Court unanimously granted applicant relief, to the extent that he was entitled to have a new punishment hearing.

The State, in its motion for rehearing, does not really challenge anything that this Court stated in its original opinion; its concern in its motion goes to this Court's holding that what it had stated and held was to be applied retroactively to applicant's cause. In its argument against retroactivity, the State believed that this Court's decision to remand the cause for a new punishment hearing would impose "a tremendous burden upon the administration of justice." (Page 2, State's Motion for Leave and Motion for Rehearing). Counsel for the State, however, acknowledged in his motions that this Court had previously held that *Burks v. United States,* 437 U.S. 1, 98 S.Ct. 2141, 57 L.Ed.2d 1 (1978), and *Greene v. Massey,* 437 U.S. 19, 98 S.Ct. 2151, 57 L.Ed.2d 15 (1978), which had held that the federal double jeopardy clause, as applicable to the states, precluded a retrial "once the review-ing court has found the evidence legally insufficient to support the conviction", are to be applied retroactively. See, for example, *Ex parte Mixon,* 583 S.W.2d 378 (Tex. Cr.App.1979); *Ex parte Colunga,* 587 S.W. 2d 426 (Tex.Cr.App.1979); and *Ex parte Reynolds,* supra. The State's motion for rehearing was granted by this Court. I believed then, and still do, that given what this Court had previously stated the State's motion was frivolous because when this Court reversed applicant's conviction in 1973, which factually is the same offense for which he was convicted on a reindictment two weeks later, the State was forever after barred from using that conviction to enhance his punishment, or for that matter for any other purpose. That conviction closely resembles a dead limb on a tree; it can be chopped off at any time by the injured party. Applicant now seeks to chop off the dead limb that exists on his criminal record.

The majority opinion of this Court appears to reject applicant's contention on the ground that the "insufficiency error" that caused this Court to reverse applicant's conviction in 1973 was mere "trial error" and that *Burks–Greene,* supra, as interpreted by this Court, is inapplicable to "trial error"; thus, applicant is not entitled to any relief. Or, is the majority opinion holding that applicant is now challenging the sufficiency of the evidence that went to his 1973 reindictment conviction, and that under *Ex parte Williams,* 703 S.W.2d 674 (Tex.Cr.App.1986), he may not now challenge the sufficiency of the evidence to sustain a plea of guilty by way of a postconviction application for writ?

Given this Court's prior decision in 1973, which held that the evidence was insufficient, why should applicant challenge the sufficiency of the evidence to sustain his plea of guilty that occurred in the reindictment conviction cause when this Court has already made that determination? Thus, isn't applicant now entitled to his belated judgment of acquittal? In addition to the above cited cases, also see *McDowell v. State,* 142 Tex.Cr.R. 530, 155 S.W.2d 377 (App.1941). Furthermore, in *Stuart v. State,* 561 S.W.2d 181 (Tex.Cr.App.1978),

this Court held that it was reversible error for the trial judge to admit into evidence a prior occurrence for which the defendant had been previously acquitted. I find that Judge Douglas, in the dissenting opinion that he filed in *Stuart,* supra, correctly interpreted the majority opinion in that cause to mean that "today's decision prohibits the relitigation of any fact with reference to prior criminal conduct of which the defendant was acquitted." (183). See, however, the concurring opinion that I recently filed in *Gold v. State,* 736 S.W.2d 685 (Tex.Cr.App., 1987), that discusses an appellate court reviewing the sufficiency of the evidence and making the determination that the evidence is insufficient to sustain the conviction. The issue here, however, is whether the double jeopardy clauses barred the State from using applicant's 1973 conviction to enhance his punishment to life imprisonment in the conviction that he sustained in 1977, and not whether the evidence was sufficient to sustain the 1973 reindictment conviction. That issue was decided adversely to the State back in 1973.

The majority opinion's reliance upon *Ex parte Williams,* 703 S.W.2d 674 (Tex.Cr.App.1986), is sorely misplaced. The bottom line holding in that cause was that "an applicant may not collaterally attack the sufficiency of the evidence to support a felony conviction [that was] based upon a plea of guilty." (683). Here, however, applicant is not challenging the sufficiency of the evidence that went to the 1973 conviction that was used in 1977 to enhance his punishment. That decision has already been made by this Court. Thus, any reliance upon the dicta and obiter dicta that might be present in *Ex parte Williams,* supra, to support the majority holding is sorely misplaced. Also see the dissenting opinion that I filed in *Ex parte Girnus,* 640 S.W.2d 619 (Tex.Cr.App.1982), and the well written majority opinion that Judge Clinton wrote for the Court in *Thornton v. State,* 601 S.W.2d 340 (Tex.Cr.App.1980) (On motions for rehearing), which the majority opinion in this cause erroneously overrules.

The next serious flaw of the majority opinion is how it erroneously interprets "trial error". Judge Clinton remarks in the dissenting opinion that he files in this cause, "To say, as the majority does, that a trial judge's finding an accused guilty on insufficient evidence is 'trial error' is to give new meaning to the concept of 'double jeopardy'." In the dissenting opinion that he filed in *Messer v. State,* 729 S.W.2d 694, 700 (Tex.Cr.App.1986), Judge Clinton correctly characterized an erroneous reference to "insufficiency error" as "trial error" as being "concocted 'trial error.'"

I will not repeat here the discussion on the subject of "trial error" that I set out in the concurring and dissenting opinion that I filed in *Gardner v. State,* 699 S.W.2d 831 (Tex.Cr.App.1985), but will simply state that unless the trial judge is called upon to act, through an objection, there can be no "trial error." Nowhere in this cause has "trial error" occurred.

On original submission, this Court, speaking through Judge Tom Davis, unanimously held that applicant's "second conviction [that he sustained in 1973] was invalid and unavailable for enhancement purposes." Although Judge Davis did not directly mention or discuss the applicability of the double jeopardy clauses, and even though he did so in a sufficient manner that the members of this Court each apparently understood what it stated and held when they voted for his opinion, it is now obvious to me that Judge Davis should have written a treatise on the law of double jeopardy. Perhaps then there would have been no need for this Court to grant what I found then and find now to be a frivolous motion for rehearing.

For all of the foregoing reasons, I respectfully dissent to the majority of this Court denying applicant the relief to which he is entitled; a new hearing on the issue of punishment without the State being permitted to use for purposes of punishment the 1973 reindictment conviction.