**Opinion filed February 27, 2015**



In The

# Eleventh Court of Appeals

_____

## No. 11-13-00052-CR

_____

## JIMMY BERNARD BILLINGSLEY, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the Criminal District Court No. 3**

**Tarrant County, Texas**

**Trial Court Cause No. 1235745D**

## MEMORANDUM OPINION

Jimmy Bernard Billingsley entered an open plea of guilty to the offense of aggravated assault. Upon accepting his plea, the trial court found him guilty of the offense and assessed his punishment at confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of fifteen years. In a single issue, Appellant challenges his conviction by arguing that the evidence in support

of his guilty plea was insufficient under TEX. CODE CRIM. PROC. ANN. art. 1.15 (West 2005).  We affirm.

*Background*

Appellant was charged in a four-count indictment with committing various forms of assault by transmitting the human immunodeficiency virus (HIV) to Q.S. Appellant pleaded guilty to Count Four of the indictment.[1]  Count Four alleged that Appellant intentionally or knowingly committed assault by causing serious bodily injury to Q.S. by causing her to contract HIV.  Appellant executed a "Judicial Confession" whereupon he swore under oath that he had read the indictment "filed in this case and [he] committed each and every act alleged therein, except those acts waived by the State."  At the plea hearing, Appellant testified that he was pleading guilty because he was guilty "and for no other reason."

*Analysis*

Appellant contends that his guilty plea was void because the State did not present sufficient evidence under Article 1.15 that he caused serious bodily injury by the transmission of HIV.  In support of his argument, Appellant cites various publications that were not presented to the trial court; he asserts that the transmission of HIV should not be considered per se serious bodily injury today because of medical advancements in the treatment of the disease and the stigma presented by such a characterization.  The State responds by arguing that Appellant's judicial confession alone satisfied the requirements of Article 1.15. We agree with the State's contention.

When a criminal defendant knowingly, intelligently, and voluntarily pleads guilty, he waives his right to challenge the sufficiency of the evidence under the traditional standard set out in *Jackson v. Virginia*, 443 U.S. 307 (1979).  *Ex parte*

---

[1]At the plea hearing, the trial court stated that Appellant pleaded guilty to "Count Five." Appellant acknowledges in his brief, however, that he actually pleaded guilty to Count Four in the indictment.

*Martin*, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988). However, when a defendant pleads guilty before the trial court to a noncapital felony offense, a conviction is not authorized under Article 1.15 unless there is evidence offered to support the guilty plea. *Menefee v. State*, 287 S.W.3d 9, 13 (Tex. Crim. App. 2009). When the defendant enters a guilty plea, there is no requirement that the supporting evidence prove the defendant's guilt beyond a reasonable doubt. *Ex parte Martin*, 747 S.W.2d at 792; *Staggs v. State*, 314 S.W.3d 155, 159 (Tex. App.—Houston [1st Dist.] 2010, no pet.); *McGill v. State*, 200 S.W.3d 325, 330 (Tex. App.—Dallas 2006, no pet.). Rather, in reviewing the sufficiency of the State's evidence, we will affirm the trial court's judgment if the evidence embraces every essential element of the offense charged. *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996). A conviction rendered without sufficient evidence to support a guilty plea constitutes trial error. *Menefee*, 287 S.W.3d at 14.

A person commits aggravated assault by committing an assault that causes serious bodily injury to another. TEX. PENAL CODE ANN. § 22.02(a)(1) (West 2011). "'Serious bodily injury' means bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ." *Id.* § 1.07(a)(46) (West Supp. 2014). The indictment alleged in Count Four that Appellant "caused serious bodily injury to [Q.S.]" by "causing [Q.S.] to contract human immunodeficiency virus (HIV)." Appellant contends that the State failed to present evidence that he caused serious bodily injury by transmitting HIV to Q.S. However, Appellant judicially confessed to this element of the offense by confessing to "each and every act alleged" in the indictment. A judicial confession will suffice to support a guilty plea as long as the confession covers all of the elements of the charged offense. *Menefee*, 287 S.W.3d at 13. We conclude that Appellant's judicial confession covered all of the elements of the charged offense,

including the element challenged by Appellant on appeal. We overrule Appellant's sole issue.

*This Court's Ruling*

We affirm the judgment of the trial court.


JOHN M. BAILEY

JUSTICE


February 27, 2015

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Wright, C.J.,
Willson, J., and Bailey, J.