Affirmed and Memorandum Opinion filed April 7, 2009








Affirmed and Memorandum Opinion filed April 7, 2009.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-08-00253-CR 

NO. 14-08-00254-CR

____________

 

GEOFFREY MARTIN WELCH, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 405th
District Court

Galveston County, Texas

Trial Court Cause No. 05CR3368;
05CR3369

 



 

M E M O R A N D U M   O P I N I O N








Geoffrey Martin Welch appeals his convictions for
aggravated assault with a deadly weapon.  Appellant pleaded nolo contendere to
the charges.  The trial court found appellant guilty in both cases, and the
jury assessed concurrent four-year sentences in the Institutional Division of
the Texas Department of Criminal Justice.  In four issues, appellant contends
(1) the indictments and the evidence were legally insufficient; (2) the trial
court erred in finding appellant knowingly and intelligently entered his plea
of nolo contendere and failed to withdraw his plea when appellant made an
alleged contradictory statement; and (3) he received ineffective assistance of
counsel.  We affirm.

I.  Background

Foster Sayles and his wife Rodora were walking on the
Seawall in Galveston one evening when Sayles heard a screech and saw a vehicle
in the left lane swerve into the right lane.  He witnessed the vehicle turn
sideways and slide down the Seawall, heading toward them.  Sayles and his wife
were struck by the vehicle and landed on the sand.  When the vehicle came to
rest, the front of the car was in the sand and the back end was resting against
the Seawall.  Sayles sustained a fracture to his right eye socket; his wife had
multiple injuries requiring nearly a month in intensive care, followed by three
months of therapy.  She passed away a year after returning home.[1] 









Appellant was the driver of the vehicle.  Officer John
Thorn testified that appellant initially told him his left front tire blew out,
causing the vehicle to slide off the Seawall.  Appellant also told a witness at
the scene that there must have been something mechanically wrong with the car
and that he overcompensated for it.  Appellant later gave a written statement
with details of the incident and confirmed those details at trial.  In his
statement, appellant recounted that he had several passengers in the car and
that one had brought marijuana.  Appellant admitted to partaking of the
marijuana cigarette twice.  He stated that he was driving eastbound on the
Seawall when a song came on and he started Ayoking.@  Appellant
described Ayoking@ as driving from lane to lane to the
music.  When he noticed the car pulling left, appellant pulled hard to the
right.  He applied the brakes and the car began to slide out of control. 
Officer Jeremy Smart, the lead investigation officer, measured the skid marks. 
The shortest skid was 129.10 feet and the vehicle was traveling at a minimum
speed of 37 miles per hour in a sideways skid.  Edward Licquia, a technician
team leader at Sand Dollar Autoplex, testified that the tires were not blown
out, and he did not detect any mechanical difficulties that would explain the
loss of control.   

Appellant was indicted for aggravated assault with a deadly
weapon.[2] 
He pleaded nolo contendere (no contest) to both indictments, and the trial
court found him guilty.  In support of probation, several of appellant=s relatives and
his boss testified on his behalf at the punishment phase before the jury. 
Other testimony showed that appellant had been charged with a Class B
misdemeanor for possession of marijuana subsequent to the incident with the
Sayleses. 

A jury assessed concurrent four-year sentences in the
Institutional Division of the Texas Department of Criminal Justice.  At his
formal sentencing on January 17, 2008, appellant initially stated that he
wished to appeal; then, after consulting with counsel, he withdrew his notice
of appeal at the hearing.  Appellant=s trial counsel
filed a motion to withdraw as counsel on February 11, 2008, and appellant filed
a pro se notice of appeal on the same date.  Trial counsel also stated in the
motion for preparation of the reporter=s and clerk=s records without
charge filed on March 4, 2008, that he wished to withdraw and requested
appointment of appellate counsel.  The trial court held a hearing on March 4,
2008, and granted trial counsel=s motions to withdraw.  On the same date,
the trial court ordered the preparation of the records without charge and
appointed appellate counsel.








II.  Analysis

A.  Legal Sufficiency

In his first issue, appellant contends that (1) the
indictments are legally insufficient because they do not allege acts that
demonstrated reckless conduct and (2) the evidence is legally insufficient to
sustain his conviction because the State did not prove any act of recklessness.[3] 


Appellant raises his objection to the substance of the
indictments for the first time on appeal.  Texas Code of Criminal Procedure
article 1.14(b) provides:

If the defendant does not object to
a defect, error, or irregularity of form or substance in an indictment or
information before the date on which the trial on the merits commences, he
waives and forfeits the right to object to the defect, error, or irregularity
and he may not raise the objection on appeal or in any other post conviction
proceeding.








Tex.
Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005).  The Court of
Criminal Appeals has addressed the issue of whether an appellant may raise an
objection to a charging instrument for the first time on appeal when the
charging instrument did not set forth the reckless behavior.  In Studer v.
State, Studer was charged by information with the misdemeanor offense of
indecent exposure.  Studer v. State, 799 S.W.2d 263, 264 (Tex. Crim.
App. 1990).  He pleaded nolo contendere, and the trial court assessed
punishment.  Id.  On direct appeal, Studer alleged for the first time
that the information was fatally defective because it failed to allege the act
or acts relied upon to constitute recklessness.  Id. at 264-65.  The
Court of Criminal Appeals held that while the information failed to allege the
acts relied upon to constitute recklessness, it was, on its face, an
information as contemplated by Article V, section 12 of the Texas Constitution,
which sets out the definitions for an indictment and an information.  Id.
at 273.  Because Studer failed to make any pre-trial objection to the
substantive error, it was waived.  Id.  

The Court of Criminal Appeals recently addressed this issue
again in Teal v. State.  In Teal, the Court stated the test for
the constitutional sufficiency of a particular charging instrument as follows: ACan the district
court and the defendant determine, from the face of the indictment, that the
indictment intends to charge a felony or other offense for which a district
court has jurisdiction?@  Teal v. State, 230 S.W.3d 172,
181-82 (Tex. Crim. App. 2007) (holding appellant forfeited right to object to
indictment not containing mens rea requirement because he did not object before
the date of trial).  

Here, the indictments to which appellant pleaded no contest
allege that Geoffrey Martin Welch 

on or about the 12th day
of February, A.D., 2005 . . . did then and there while [he] was driving and
operating a motor vehicle in a public place, recklessly cause bodily injury to
Rodora Sayles by:

1.  swerving said motor vehicle
from lane to lane;

2.  failing to timely apply the
brakes to said motor vehicle in order to avoid the possibility of a collision
with the person of Rodora Sayles;

3.  driving said motor vehicle at
too great a rate of speed;

4.  failing to turn said motor
vehicle to avoid the collision with the person of Rodora Sayles;

5.  failing to maintain proper
control of said motor vehicle;

6.  driving said motor vehicle on a
pedestrian walkway and

7.  smoking marihuana while driving
said motor vehicle[.]. . .








Which acts and omissions, singularly
and or [sic] in combination with the others, resulted in the motor vehicle
driven and operated by [appellant] to collide with the person of Rodora Sayles
thereby recklessly causing bodily injury to [her].  And [appellant] during the
commission of the offense alleged above did then and there use a deadly weapon,
to wit: a motor vehicle[.]

The
indictment in the second cause number is identical save the victim=s nameCFoster Sayles. 
The two indictments charged appellant with the offense of aggravated assault
for each victim, which is a felony.  Tex.
Penal Code Ann. '' 22.01(a)(1), 22.02(a)(2), (b) (Vernon
2003) (AA person commits
an offense if the person . . . recklessly causes bodily injury to another . . .
and the person uses or exhibits a deadly weapon during the commission of the
assault.  An offense under this section is a felony of the second degree . . .
.@).  Appellant has
waived his complaint of the substance of the indictments to which he pleaded no
contest by failing to object prior to the day of trial.  Teal, 230
S.W.3d at 182.  

Moreover, despite appellant=s contention, the
indictments to which he pleaded no contest contain acts relied upon to
constitute recklessness.  Generally, an indictment that tracks the words of a
statute is legally sufficient.  Lewis v. State, 659 S.W.2d 429, 431
(Tex. Crim. App. 1983).  When Arecklessness@ is an element of
an offense, the State must allege, with reasonable certainty, the act or acts
relied upon to constitute recklessness.  Tex.
Code Crim. Proc. Ann. art. 21.15 (Vernon 1989).  Indeed, it is never
sufficient Ato allege merely that the accused, in committing the
offense, acted recklessly . . . .@  Id.; Stadt
v. State, 120 S.W.3d 428, 441 (Tex. App.CHouston [14th
Dist.] 2003), aff=d on other grounds, 182 S.W.3d 360
(Tex. Crim. App. 2005).








Here, the indictments to which appellant pleaded no contest
alleged appellant recklessly caused bodily injury to the Sayleses by swerving
his motor vehicle from lane to lane, failing to timely apply the brakes to the
motor vehicle in order to avoid the possibility of a collision with the
Sayleses, driving the motor vehicle at too great a rate of speed, failing to
turn the motor vehicle to avoid the collision with the Sayleses, failing to
maintain proper control of his motor vehicle, driving his motor vehicle on a
pedestrian walkway, and smoking marihuana while driving his motor vehicle.  The
indictments put appellant on notice that the State was seeking convictions for
aggravated assault.  See Tex. Penal
Code Ann. '' 22.01(a)(1), 22.02(a)(2), (b) (Vernon
2003); Stadt, 120 S.W.3d at 441.  They also alerted appellant to the
acts upon which the State planned to rely to prove he acted Arecklessly.@  See Tex. Code Crim. Proc. Ann. art. 21.15; Stadt,
120 S.W.3d at 441-42.  Therefore, these indictments were sufficient.  Stadt,
120 S.W.3d at 442 (holding indictment sufficient when it alleged appellant
recklessly caused the death of the complainant by operating his vehicle at an
unreasonable speed, failing to keep a proper lookout, failing to maintain a
single lane of traffic, and changing lanes unsafely).  

While appellant contends that (2) failing to timely apply
the brakes to said motor vehicle in order to avoid the possibility of a
collision with the person of Rodora Sayles, (4)  failing to turn said motor
vehicle to avoid the collision with the person of Rodora Sayles, (5) failing to
maintain proper control of said motor vehicle, and (6) driving said motor
vehicle on a pedestrian walkway were consequences of appellant=s actions rather
than reckless behavior under his control, he does not make the same argument
for (1) swerving said motor vehicle from lane to lane, (3) driving said motor
vehicle at too great a rate of speed, and (7) smoking marihuana while driving
said motor vehicle.  Appellant admitted in a statement to police and at trial
that he was Ayoking@ or driving from lane to lane while
listening to a song.  At trial, he stated that he had swerved once and the car
went too far left and he overcorrected to the right.  He also admitted to
smoking marihuana while driving.  Salustino Ordonez, a passenger in the car,
testified that they were traveling about 45 to 50 miles per hour and there was
some indication during his testimony that the speed limit on the road was 45
miles per hour.  If appellant thought the indictment was defective for failing
to properly allege reckless behavior, he should have challenged the indictment
before trial.  Teal, 230 S.W.3d at 182. 








Appellant also contends the evidence is not legally
sufficient to prove that he acted recklessly.  Appellate standards of review
for legal and factual sufficiency of the evidence do not apply to felony cases
where a defendant enters a plea of guilty or nolo contendere.  See Ex parte
Martin, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988).  Under Texas law, when
a criminal defendant waives a jury and pleads guilty or nolo contendere, the
State is only required to introduce sufficient evidence to show the defendant=s guilt.  See
Tex. Code Crim. Proc. Ann. art.
1.15 (Vernon 2005); Ex parte Martin, 747 S.W.2d at 791-93.  The State
need not introduce evidence to show the defendant=s guilt beyond a
reasonable doubt.  See Ex parte Martin, 747 S.W.2d at 791-93.  Evidence
is sufficient to show guilt if it embraces every essential element of the
offense charged.  Stone v. State, 919 S.W.2d 424, 427 (Tex. Crim. App.
1996).

Article 1.15 does not apply, however, when a guilty plea is
entered in the presence of the jury, that is to say, the State is not required
to introduce evidence to demonstrate the defendant=s guilt.  Wilkerson
v. State, 736 S.W.2d 656, 659 (Tex. Crim. App. 1987) (citing Texas Code of
Criminal Procedure article 26.14, which also applies to pleas of nolo
contendere).  A plea of nolo contendere has the same legal effect as a guilty
plea in a criminal prosecution.  Tex.
Code Crim. Proc. Ann. art. 27.02(5) (Vernon 2006); Stone v. State,
919 S.W.2d 424, 426 (Tex. Crim. App. 1996).  In this case, appellant pleaded no
contest to both indictments before the trial judge in open court.  He waived
his right to trial by jury on the guilt/innocence phase in open court and in
writing.  The trial court found appellant guilty on both indictments.  The
following day, the trial court impaneled a jury for the punishment phase. 
After the jury was selected and the prosecutor gave an opening statement, the
prosecutor read the indictment for Foster Sayles and incorporated Rodora
Sayles.  The trial court asked appellant for his plea, and appellant answered, ANo contest.@  Although
appellant initially pleaded no contest to the court, he superseded his initial
plea by subsequently pleading no contest before the jury.  Helton v. State,
886 S.W.2d 465, 466 (Tex. App.CHouston [1st Dist.] 1994, pet. ref=d) (holding plea
of guilty before jury superseded plea of guilty before trial court, therefore,
it was not necessary for State to introduce evidence showing appellant=s guilt).  The
no-contest plea before the jury is conclusive as to appellant=s guilt, and the
sufficiency of the evidence may not be questioned on appeal.  See id.








Even if article 1.15 applied, appellant=s contention lacks
merit because the evidence may be stipulated to by the defendant.  See Tex. Code Crim. Proc. Ann. art. 1.15
(Vernon 2005) (AThe evidence may be stipulated if the
defendant in such case consents in writing, in open court, to waive the
appearance, confrontation, and cross-examination of witnesses, and further
consents either to an oral stipulation of the evidence and testimony or to the introduction
of testimony by affidavits, written statements of witnesses, and any other
documentary evidence in support of the judgment of the court.@)  Here, appellant
entered into the following stipulation:

I freely and voluntarily plead NOLO
CONTENDERE (NO CONTEST) to the indictment or information by which I have been
charged in this cause and agree and stipulate that the elements of the offense
and the facts alleged therein constitute the evidence in this case.

In Scott
v. State, the First Court of Appeals encountered a nearly identical
stipulation and found that, while the stipulation was no model, it was Athe functional
equivalent of a stipulation embracing every element of the offense charged.@  Scott v.
State, 945 S.W.2d 347, 348 (Tex. App.CHouston [1st
Dist.] 1997, no pet.).  The court reasoned that, by so stipulating, Scott
agreed that the evidence would show the allegations in the indictment.  See
id. Therefore, if the indictment embraces the required elements of the
offense of aggravated assault, there is sufficient evidence to support the
plea.  

A person commits aggravated assault if he . . . recklessly
causes bodily injury to another . . . and he uses or exhibits a deadly weapon
during the commission of the assault.  Tex.
Penal Code Ann. '' 22.01(a)(1), 22.02(a)(2) (Vernon 2003). 
The indictments to which appellant pleaded no contest alleged appellant
recklessly caused bodily injury to the Sayleses, listing the acts upon which
the State was relying to constitute recklessness, and used a deadly weapon, to
wit: a motor vehicle.  Because these indictments embrace every element of the
offense charged, the stipulation is sufficient to support appellant=s conviction for
aggravated assault.  Accordingly, we overrule appellant=s first issue.








B.      No-Contest
Plea

In his second issue, appellant argues that the trial court
erred in finding that appellant knowingly and intelligently entered his plea. 
Specifically, appellant claims that the record gives no indication that
appellant was aware of the implications of Texas Code of Criminal Procedure
article 42.12, section 3g, or that he knew the elements of recklessness. 
Appellant also contends that the trial court erred by failing to sua sponte withdraw
his plea. 

The waiver of the right to a plea of not guilty is surrounded
by constitutional and statutory procedural protections.  Mendez v. State,
138 S.W.3d 334, 344 (Tex. Crim. App. 2004).  Due process of law requires that
waivers of constitutional rights be voluntarily, knowingly, and intelligently
done with sufficient awareness of the relevant circumstances and likely
consequences.  Brady v. U.S., 397 U.S. 742, 748, 90 S. Ct. 1463, 1469,
25 L. Ed. 2d 747 (1970); Mendez, 138 S.W.3d at 344.  Before accepting a
plea of nolo contendere, a trial court is required to admonish the accused on a
number of issues.  See Tex. Code
Crim. Proc. Ann. art. 26.13 (Vernon Supp. 2008).  Substantial compliance
with article 26.13 is sufficient, unless the defendant affirmatively shows that
he was not aware of the consequences of his plea and that he was misled or
harmed by the admonishments.  See id. art. 26.13(c).  A record
reflecting that the trial court properly admonished the defendant as to the
consequences of his plea is prima facie evidence that the defendant
entered a knowing and voluntary plea.  Nicholas v. State, 56 S.W.3d 760,
769-70 (Tex. App.CHouston [14th Dist.] 2001, pet. ref=d).  Upon a prima
facie showing of voluntariness, the defendant bears the burden of showing
that he entered the plea without knowing its consequences.  Martinez v.
State, 981 S.W.2d 195, 197 (Tex. Crim. App. 1998).  Once an accused attests
that he understands the nature of his plea and that it was voluntary, he has a
heavy burden to prove on appeal that his plea was involuntary.  Edwards v.
State, 921 S.W.2d 477, 479 (Tex. App.CHouston [1st
Dist.] 1996, no pet.).  On appeal, we presume the regularity of the judgment
and proceedings in the trial court, and the defendant bears the burden of
overcoming this presumption.  Nicholas, 56 S.W.3d at 770.








Before accepting appellant=s no-contest plea,
the trial court admonished appellant on the range of punishment, his
constitutional right to trial by jury on the guilt/innocence phase, and his
right to have the indictments read.  He then asked appellant whether he had
reviewed the plea admonishments, waivers, and stipulations with his attorney,
whether he understood everything his counsel reviewed with him, whether he had
any questions, whether he was satisfied with counsel=s representation,
and whether he was entering his plea freely and voluntarily.  Appellant
responded that he had no questions and answered in the affirmative to the other
inquiries.  The trial court also asked appellant=s trial counsel
whether he thought appellant was mentally competent to stand trial, and trial
counsel responded affirmatively.  Appellant then entered his plea of no
contest.  The State showed appellant the written APlea
Admonishments, Waivers, and Stipulations@ form and asked
whether he had reviewed the form with his attorney and whether he freely,
knowingly, and voluntarily signed the written plea, to which appellant
responded affirmatively.  The State also asked whether appellant understood
that his signature would be the evidence against him and whether he understood
everything they were doing at the hearing, to which appellant again responded
affirmatively.  The State admitted the written APlea
Admonishments, Waivers, and Stipulations@ and the court
found him guilty.           

The written APlea
Admonishments, Waivers, and Stipulations@ listed the
offense of which appellant was charged, ranges of punishment generally,
plea-bargain and citizenship implications, permission to appeal, and deferred
adjudication.  If admonitions are in writing, the court must receive a
statement signed by the defendant and the defendant=s attorney that he
understands the admonitions and is aware of the consequences of his plea.  Tex. Code Crim. Proc. Ann. art.
26.13(d) (Vernon 2009).  The form contains the signatures of both appellant and
his trial counsel.     








The record in this case reflects that the trial court
substantially complied with article 26.13.  Because the trial court properly
admonished appellant prior to accepting his no-contest pleas, the burden shifts
to appellant to show that he pleaded no contest without understanding the
consequences of doing so.  Martinez, 981 S.W.2d at 197.  Appellant has
failed to meet his burden.  While he concedes that trial counsel may have
discussed with him the implications of Texas Code of Criminal Procedure article
42.12, section 3g, his appellate counsel contends that it is not clear whether
appellant understood it.  Appellant also claims that trial counsel did not
discuss the application of lesser-included charges and Aother significant
elements of defensive strategy.@  However, the record shows that he went
over the APlea Admonishments, Waivers, and Stipulations@ form with his
attorney; when asked by the trial court whether he understood everything
counsel had gone over with him, he stated that he did.  He also told the trial
court that he had no questions and that he was entering his plea of no contest
freely and voluntarily.  The written document, signed by appellant, states that
he understood all of the written waivers, stipulations and motions in
connection with his plea and that he was signing it freely and voluntarily. 
Because appellant did not meet his burden of showing that he entered the plea
without knowing its consequences, we overrule his complaint on appeal.        

Appellant also contends that the trial court should have sua
sponte withdrawn his no-contest pleas when he testified to the following at
the punishment phase: 

Q: When you were driving down the
Boulevard and you were sitting in the car and you started turning that steering
wheel with the music as you said in that statement to make the car swing, did
you have any idea about how that car could suddenly slide sideways 129 feet?

A: No, sir, I didn=t.

Q: Is that a risk that you were
aware of?

A: No, I wasn=t.

Q: But you are now?

A: Yes, sir.








The trial court is not required to withdraw a defendant=s guilty plea on
its own motion.  Mendez, 138 S.W.3d at 350.  After a trial court has
fulfilled its duties to inform the defendant of his waivable-only rights when
pleading guilty or nolo contendere, and a defendant makes a valid waiver of
those rights, the defendant must take some affirmative action Ato don the armor
again.@  Id. 
Because appellant did not seek to withdraw his no-contest pleas at any time, he
cannot complain for the first time on appeal that the trial court did not do it
for him.  Id.  

Accordingly, we overrule appellant=s second issue.

C.      Alleged
Deprivation of Counsel During Period for Filing Motion for New Trial and Motion
in Arrest of Judgment

In his third issue, appellant contends the trial court erred
when it failed to appoint counsel during the time for filing a motion for new
trial and a motion in arrest of judgment.[4]


A motion in arrest of judgment is a defendant=s oral or written
suggestion to the trial court that the judgment rendered was contrary to law.  Tex. R. App. P. 22.1.  The motion may
be based on the ground that the charging instrument is subject to an exception
on substantive grounds, that in relation to the charging instrument a verdict
is substantively defective, or that the judgment is invalid for some other reason. 
Tex. R. App. P. 22.2.  The Texas
Court of Criminal Appeals has made it clear that, under article 1.14(b) of the
Code of Criminal Procedure, a defect in a charging instrument is waived unless
raised before trial.  See Teal v. State, 230 S.W.3d 172, 177-82 (Tex.
Crim. App. 2007).  Therefore, a party may not raise an objection to a
substantive defect in a charging instrument for the first time in a motion in
arrest of judgment.  See Tex.
Code Crim. Proc. Ann. art. 1.14(b) (Vernon 2005); Crittendon v. State,
923 S.W.2d 632, 634 (Tex. App.CHouston [1st Dist.] 1995, no pet.)
(stating that, with advent of article 1.14(b), motion in arrest of judgment is
confined to reurging complaints about indictments made by timely objection
prior to trial).   








In this case, appellant did not file a pre-trial motion to
quash the indictment.  Under article 1.14(b), appellant could not have raised
the substantive defect of which he complains for the first time in a motion in
arrest of judgment.  Therefore, even if appellant had filed a motion in arrest
of judgment, his challenge to the indictment was waived. 

A motion for new trial must be filed no later than 30 days
after the trial court Aimposes or suspends sentence in open
court.@  Tex. R. App. P. 21.4(a).  This 30-day
period in which to file a motion for new trial is a critical stage of a
criminal proceeding and a defendant has a constitutional right to counsel
during that period.  Cooks v. State, 240 S.W.3d 906, 908 (Tex. Crim.
App. 2007).  To prevail on a claim of deprivation of counsel, appellant must
affirmatively show that he was not represented by counsel during that period. 
See Oldham v. State, 977 S.W.2d 354, 363 (Tex. Crim. App. 1998).  There is
a rebuttable presumption that a defendant=s trial counsel
continued to adequately represent the defendant during this critical stage.  Cooks,
240 S.W.3d at 911.  If a defendant rebuts this presumption with evidence that
he was deprived of adequate counsel during this stage, the error is subject to
a harmless error or prejudice analysis.  Id.  








The trial court imposed appellant=s sentence for
each cause number on January 17, 2008.  At the sentencing, appellant stated
that he wished to appeal and that he did not think he could afford an attorney
on appeal.  The trial court told trial counsel the following:  AAnd, also, after
the victim impact statement, Mr. Coltzer, I will have to have you fill out a
Notice of Appeal and then the Defendant is going to have to fill out a pauper=s oath to appoint
an attorney on the appeal.@  Appellant then decided to withdraw his
notice of appeal after discussing it with his trial counsel; he informed the
trial court of this decision at the hearing.  Appellant=s trial counsel
filed a motion to withdraw on February 11, 2008.  In his motion, appellant=s trial counsel
stated that he was appointed by the court to represent appellant at trial and
did so through the sentencing, and that he felt appellant Amay benefit from
the fresh and untrammeled perspective of another attorney.@  On the same day,
appellant filed a pro se notice of appeal.  Appellant=s trial counsel
then filed a motion for preparation of the record without charge and
appointment of appellate counsel on March 4, 2008.  The trial court held a
hearing on the motion with appellant and trial counsel present and granted
trial counsel=s motion to withdraw, ordered the records prepared
without charge, and appointed appellate counsel.

Appellant cites Texas Code of Criminal Procedure article
1.051(c) for the proposition that the trial court erred by not appointing
appellate counsel in the time period proscribed by the statute when appellant=s trial counsel
filed his motion to withdraw on February 11, 2008.[5] 
Texas Code of Criminal Procedure 1.051(c), in pertinent part, states:

Except as otherwise provided by
this subsection, if an indigent defendant is entitled to and requests appointed
counsel and if adversarial judicial proceedings have been initiated against the
defendant, a court or the courts= designee
authorized under Article 26.04 to appoint counsel for indigent defendants in
the county shall appoint counsel as soon as possible, . . . but not later than
the end of the first working day after the date on which the court or the
courts= designee receives
the defendant=s request for appointment of counsel [in a county with
a population of 250,000 or more].

Tex. Code Crim. Proc. Ann. art. 1.051(c)
(Vernon 2005).  The legislature has also established that a criminal defendant
is entitled to counsel during the first appeal.  Tex. Code Crim. Proc. Ann. art. 1.051(d) (Vernon 2005). 
The Court of Criminal Appeals has stated that entitlement extends to the period
for filing a motion for new trial because it is in the time period between
trial and appeal.  Cooks v. State, 240 S.W.3d 906, 910 n.3 (Tex. Crim.
App. 2007).  








Trial counsel, whether retained or appointed, Ahas the duty,
obligation and responsibility to consult with and fully to advise his client
concerning meaning and effect of the judgment rendered by the court, his right
to appeal from that judgment, [and] the necessity of giving notice of appeal
and taking other steps to pursue an appeal . . . .@  Ex parte Axel,
757 S.W.2d 369, 374 (Tex. Crim. App. 1988).  A rebuttable presumption exists
that the attorney discussed the merits of the motion for new trial with the
appellant, and the appellant considered and rejected it.  Oldham, 977
S.W.2d at 363.  Appellant=s bare contention that he was not
represented since February 11, 2008 is not enough to rebut the presumption of
adequate assistance.  See Smith v. State, 17 S.W.3d 660, 662-63 (Tex.
Crim. App. 2000) (holding fact that appellant filed pro se notice of appeal and
indigency, letter of assignment from trial court to appellate court stated
attorney of record on appeal was Ato be determined,@ and appellant
appeared without counsel when signing a pauper=s oath and
requesting new counsel was not enough to rebut presumption); Oldham, 977
S.W.2d at 362-63 (holding fact that appellant filed pro se notice of appeal and
indigency and letter of assignment from trial court to appellate court stated
attorney of record on appeal was Ato be determined@ was not enough to
rebut presumption).








Although appellant=s trial counsel
filed a motion to withdraw on February 11, 2008, it was not acted upon by the
trial court until March 4, 2008.  Therefore, trial counsel was still the
attorney of record through the time for filing a motion for new trial.  Appointed
counsel remains as the defendant=s counsel for all
purposes until expressly permitted to withdraw, even if the appointment is for
trial only.  Ward v. State, 740 S.W.2d 794, 796 (Tex. Crim. App. 1987). 
While trial counsel indicates in his motion to withdraw on February 11 that he
had fulfilled his duty by representing appellant through sentencing, and the
trial court stated at the sentencing that the defendant would need to fill out
a pauper=s oath to appoint
an attorney on appeal if he chose to appeal, trial counsel continued to act as
appellant=s attorney by filing a motion for preparation of the
records without charge and appointment of appellate counsel, and acted as
appellant=s counsel at the hearing on March 4.  In addition,
appellant filed a pro se notice of appeal.  Filing a pro se notice of appeal is
an indication that appellant was made aware of at least some of his appellate
rights.  Id. at 363.  There is nothing in the record to suggest that
appellant was not counseled by his attorney regarding the merits of a motion
for new trial.  Smith, 17 S.W.3d at 663; Oldham, 977 S.W.2d at
363.  Appellant has not overcome the presumption that he was adequately
represented by counsel during the time for filing a motion for new trial. 
Therefore, appellant=s third issue is overruled.

D.  Ineffective Assistance of Counsel

In his fourth issue, appellant contends that he received
ineffective assistance of counsel because his trial counsel (1) failed to file
a motion for new trial or motion in arrest of judgment; (2) advised appellant
to plead nolo contendere and waive a jury on the guilt/innocence phase of
trial; (3) failed to challenge the indictments; (4) failed to urge
lesser-included offenses; (5) made prejudicial comments during voir dire; and
(6) had a conflict based on self-interest. 

In reviewing claims of ineffective assistance of counsel,
we apply a two-prong test.  See Salinas v. State, 163 S.W.3d 734, 740
(Tex. Crim. App. 2005) (citing Strickland v. Washington, 466 U.S. 668,
104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)).  To establish ineffective assistance
of counsel, appellant must show by a preponderance of the evidence that (1) his
trial counsel=s representation was deficient in that it fell below
the standard of prevailing professional norms, and (2) there is a reasonable
probability that, but for counsel=s deficiency, the
result of the trial would have been different.  Id.

An accused is entitled to reasonably effective assistance
of counsel.  King v. State, 649 S.W.2d 42, 44 (Tex. Crim. App. 1983). 
When evaluating a claim of ineffective assistance, the appellate court looks to
the totality of the representation and the particular circumstances of each
case.  Thompson v. State, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999). 
There is a strong presumption that counsel=s actions and
decisions were reasonably professional and were motivated by sound trial
strategy.  See Mallett v. State, 65 S.W.3d 59, 63 (Tex. Crim. App.
2001).  To overcome the presumption of reasonable professional assistance, A[a]ny allegation
of ineffectiveness must be firmly founded in the record, and the record must
affirmatively demonstrate the alleged ineffectiveness.@  Thompson,
9 S.W.3d at 813.  








When determining the validity of an
ineffective-assistance-of-counsel claim, any judicial review must be highly
deferential to trial counsel and avoid the deleterious effects of hindsight.  Ingham
v. State, 679 S.W.2d 503, 509 (Tex. Crim. App. 1984).  When the record is
silent as to the reasons for counsel=s conduct, a
finding that counsel was ineffective would normally require impermissible
speculation by the appellate court.  Stults v. State, 23 S.W.3d
198, 208 (Tex. App.CHouston [14th Dist.] 2000, pet. ref=d).  Absent
specific explanations for counsel=s decisions, a
record on direct appeal will rarely contain sufficient information to evaluate
an ineffective-assistance claim.  See Bone v. State, 77 S.W.3d 828, 833
(Tex. Crim. App. 2002).  Ordinarily, this kind of record is best developed in a
hearing on an application for writ of habeas corpus or a motion for new trial. 
Perez v. State, 56 S.W.3d 727, 731 (Tex. App.CHouston [14th
Dist.] 2001, pet. ref=d) (citing Jackson v. State, 973
S.W.2d 954, 957 (Tex. Crim. App. 1998)).  However, when no reasonable trial
strategy could justify trial counsel=s conduct, counsel=s performance
falls below an objective standard of reasonableness as a matter of law,
regardless of whether the record adequately reflects trial counsel=s subjective
reasons for acting as he did.  Andrews v. State, 159 S.W.3d 98, 102
(Tex. Crim. App. 2005).  

If a criminal defendant proves that trial counsel=s performance was
deficient, he must still affirmatively prove that he was prejudiced by counsel=s actions.  Thompson,
9 S.W.3d at 812.  This requires the defendant to demonstrate a reasonable
probability that the result of the proceeding would have been different if
trial counsel had acted professionally.  Id.  A reasonable probability
is a probability sufficient to undermine confidence in the outcome.  Mallett,
65 S.W.3d at 63.








Here, appellant did not file a motion for new trial, and
the record does not contain evidence of trial counsel=s reasons or
strategy regarding the challenged actions.  This court will not speculate as to
why trial counsel acted as he did.  See Bone, 77 S.W.3d at 835;
Rivera-Reyes v. State, 252 S.W.3d 781, 790 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).  Absent evidence in the record, appellant cannot
overcome the presumption that counsel=s actions were
reasonable and professional.  See Bone, 77 S.W.3d at 833.  

1.  Failure to file a motion for new trial or motion in
arrest of judgment

Appellant first contends that trial counsel erred when he
failed to file a motion for new trial or a motion in arrest of judgment.  As stated
above, the motion in arrest of judgment would not have had merit because
appellant did not file a pre-trial motion to quash the indictment.  Under Texas
Code of Criminal Procedure article 1.14(b), appellant could not have raised the
substantive defect for the first time in a motion in arrest of judgment.  See
Tex. Code Crim. Proc. Ann. art.
1.14(b) (Vernon 2005).  With regard to the motion for new trial, as stated
above, a rebuttable presumption exists that the attorney discussed the merits
of the motion for new trial with appellant, and he considered and rejected it. 
Oldham, 977 S.W.2d at 363.  There is nothing in the record to suggest
that appellant was not counseled by his attorney regarding the merits of a
motion for new trial.  Smith, 17 S.W.3d at 663; Oldham, 977
S.W.2d at 363.  Appellant claims that trial counsel did not notify him of the
deadline for filing a motion for new trial; however, the APlea
Admonishments, Waivers, and Stipulations@ document that
appellant signed reveals that appellant or his counsel crossed out the line
stating, AI also waive and give up the 30 days provided in which
to file a Motion For New Trial, Motion for Arrest of Judgment and Notice of
Appeal.@ 

2.  Advice on plea and waiving jury on guilt/innocence








Appellant next contends that trial counsel was ineffective
when he advised appellant to plead nolo contendere and waive a jury at the
guilt/innocence phase of trial.  Appellant must prove that:  (1) the advice
given by his attorney was not within the range of competence demanded of
attorneys in criminal cases and (2) but for the attorney=s errors,
appellant would, with a reasonable probability, not have pled no contest, but
would have insisted on going to trial.  Ex parte Moody, 991 S.W.2d 856,
857-58 (Tex. Crim. App. 1999).  A[A] defendant=s claim he was
misinformed by counsel, standing alone, is not enough for us to hold his plea
was involuntary.@  Fimberg v. State, 922 S.W.2d 205,
208 (Tex. App.CHouston [1st Dist.] 1996, pet. ref=d).

Here, there is no record as to what advice trial counsel
gave appellant or how it affected appellant=s decision to
plead nolo contendere.  In addition, there is nothing to suggest that the
decision not to go to trial was trial counsel=s rather than
appellant=s.  If appellant was not guilty but wished to waive
his right to a jury trial and plead no contest, trial counsel=s advice to enter
a plea of Ano contest@ rather than Aguilty@ would not be
incorrect advice and could not support a claim of ineffective assistance of
counsel.  See Stone v. State, 919 S.W.2d 424, 426-27 (Tex. Crim. App.
1996). 

3.  Failure to challenge the indictment

Appellant claims trial counsel was ineffective for failing
to challenge the indictment.  As stated above, the indictments to which
appellant pleaded no contest were not defective.  They alerted appellant to the
acts upon which the State planned to rely to prove he acted Arecklessly@ and tracked the
language of the applicable statutes.  Trial counsel=s failure to file
a motion to quash or object to those indictments does not constitute ineffective
assistance because the indictments were legally sufficient.  Thacker v.
State, 999 S.W.2d 56, 67 (Tex. App.CHouston [14th
Dist.] 1999, pet. ref=d).  Trial counsel is not ineffective for
failure to make meritless objections.  Id.  In addition, nothing in
record shows trial counsel failed to analyze the indictments.

4.  Failure to use lesser-included offenses








Appellant argues that trial counsel was ineffective for
failing to urge lesser-included offenses.  Again, the record is silent as to
whether trial counsel gave appellant advice regarding lesser-included offenses
and how that affected appellant=s plea of nolo contendere.  The record
shows that appellant went over the APlea
Admonishments, Waivers, and Stipulations@ form with his
attorney and when asked by the trial court whether he understood everything
counsel went over with him, he stated that he did.  He also told the trial
court that he had no questions and that he was entering his plea of no contest
freely and voluntarily. 

5.  Alleged comments that were prejudicial to his client

Appellant contends that trial counsel was ineffective for
making the following comment during voir dire:

He is charged with and has entered
the plea of no contest to the charge of having been aware of a risk that he might
injure an individual by his conduct.  And yet disregarding his knowledge of
that risk, he went forward and that injury resulted.

The
comment was made after appellant pleaded Ano contest@ before the jury,
and after the trial judge stated on the record that he had found appellant
guilty on both indictments.  It appears that counsel was simply paraphrasing
the law with regard to reckless conduct.  Moreover, the record is silent as to
exactly why trial counsel made the remark and we will not speculate.  Rivera-Reyes
v. State, 252 S.W.3d 781, 790 (Tex. App.CHouston [14th
Dist.] 2008, no pet.).    

6.  Alleged conflict based on self-interest

Finally, appellant claims that trial counsel had a conflict
based on self-interest.  Specifically, appellant alleges that trial counsel=s advice not to
pursue an appeal and his alleged lack of representation after sentencing was
driven by his own self-interest.  Appellant must show that his trial counsel
had an actual conflict of interest, and that the conflict actually colored
counsel=s actions.  Acosta
v. State, 233 S.W.3d 349, 356 (Tex. Crim. App. 2007).  








Appellant does not state what the conflict of interest is
or show that his trial counsel had an actual conflict of interest that colored
counsel=s actions.  He
alludes to trial counsel=s motion to withdraw, in which counsel
stated that he felt appellant Amay benefit from the fresh and untrammeled
perspective of another attorney.@  However, as
previously stated, appellant=s trial counsel continued to act as
appellant=s attorney by filing a motion for preparation of the
records without charge and appointment of appellate counsel, and acted as
appellant=s counsel at the hearing on March 4 when he was
permitted to withdraw.    

Therefore, we overrule appellant=s fourth issue.

Having overruled appellant=s issues, we
affirm the trial court=s judgment.

 

 

 

/s/      Adele Hedges

Chief Justice

 

 

Panel consists of
Chief Justice Hedges and Justices Anderson and Seymore.

Do Not Publish C Tex. R. App. P. 47.2(b).

 

 

 

.









[1]  It is unclear from the record what caused her death.





[2]  Appellant was first indicted on two charges of
aggravated assault with a deadly weapon on December 15, 2005, alleging he
intentionally, knowingly, or recklessly caused serious bodily injury to Rodora
Sayles and Michael Foster by driving an automobile recklessly, while under the
influence of marihuana, into them.  Appellant was reindicted on two charges of
aggravated assault with a deadly weapon on January 12, 2006, alleging he was
driving and operating a motor vehicle in a public place and recklessly caused
bodily injury to Rodora Sayles and Foster Sayles.  Appellant pleaded nolo
contendere on January 14, 2008.   





[3]  Appellant claims that the record does not establish
which indictments he pleaded no contest to because he waived the reading of the
indictments at the plea hearing before the trial court.  However, the
reindictments of January 12, 2006, were read on the record before the jury
prior to the first witness being called at the punishment phase.  Appellant
replied that his plea was Ano contest@ to both indictments and the trial court stated he had
found appellant guilty on both indictments.  At no point did appellant indicate
that he was confused as to which indictments he was pleading to.





[4]  Appellant does not request that this Court abate the
case to allow him time to file an out-of-time motion for new trial.





[5]  In his fourth issue, however, appellant states that
trial counsel remained his lawyer during the interval between February 11 and
February 18, and the motion to withdraw filed on February 11, 2008 did not
relieve counsel of his duties.  His claim in his fourth issue, then, is that
while trial counsel remained his attorney, he did not notify him of the
deadline for filing a motion for new trial.