RECEIVED
Court of Appeals
NOV 2 5 2013
Lisa Matz
Clerk, 5th District



# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. PD-0245-13

### JESUS PATRICIO LOPEZ, Appellant

### v.

### THE STATE OF TEXAS

### ON STATE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

JOHNSON, J., delivered the opinion of the unanimous Court.

## OPINION

After appellant and his twin brother broke into their uncle's house and attacked him in his bed, appellant was charged with burglary of a habitation by an indictment that alleged that he "did then and there unlawfully, intentionally and knowingly enter a habitation without the effective consent of [complainant], the owner thereof, and did then and there commit a felony other than theft, namely, aggravated assault."[1] Appellant waived a jury, plead nolo contendere to the charge, and was sentenced by the trial court to twenty years' imprisonment. At sentencing, the trial court refused to

---

[1] TEX. PENAL CODE § 30.02(a)(3).

make a deadly-weapon finding.

On direct appeal, appellant alleged in a single issue that the evidence at trial was legally insufficient to show that he committed the underlying aggravated assault because the state failed to offer evidence of a causal link between the assault and the complainant's serious bodily injury. The court of appeals agreed, explaining that "no evidence or circumstances link the complainant's diminished vision to the assault." It therefore reversed the trial court's judgment and remanded the case to the trial court for further proceedings. *Lopez v. State*, No. 05-12-00201-CR, 2013 WL 363777 (Tex. App.—Dallas Jan. 31, 2013) (mem. op., not designated for publication).

The state appealed to this Court, and we granted its petition for discretionary review.[2] Because the state offered evidence that allowed a reasonable inference that appellant's actions caused his uncle's prolonged visual impairment and appellant does not challenge any other element of the charged offense, we reverse the judgment of the court of appeals and remand this cause to the appellate court for further proceedings.

## I. Background

On December 4, 2010, the complainant was asleep in his bed when two men—whom he later identified as his twin nephews, Abraham Lopez and appellant—broke into his home and punched and kicked him repeatedly. Abraham had a gun. One of the complainant's sisters,[3] who was living with him at the time, followed the nephews into the bedroom, jumped between the complainant and the men, and begged them not to kill the complainant. The men left, and the complainant was taken

---

[2] The state raises a single ground for review: "Did the Court of Appeals fail to follow Texas jurisprudence in erroneously reversing and remanding the Appellant's conviction because the evidence was sufficient to embrace the essential elements of the offense of aggravated assault?"

[3] The sister is appellant's aunt.

to the hospital, where he received stitches around his left eye.

The complainant offered the following trial testimony through an interpreter:

Q: Okay. Now, let's talk about some of the other things. Are you able to see well right now?

A: No, no, I do not. This eye fails me a lot. It's not very well.

Q: Okay. Now, which eye is that that you are pointing at?

A: The one on the left side.

Q: And which eye was injured due to the actions of Abraham Lopez and the other person [appellant] that was with him?

A: My eye is not well. I do not see well out of it.

Q: Was your left or your right eye injured by Abraham Lopez and [appellant]?

A: Yes, sir.

Q: Was it your left or your right?

A: The left.

At no time did the complainant testify explicitly that the assault caused his impaired vision, nor did he state that his vision began to deteriorate after the assault. And neither the state nor appellant asked him to do so.

## II. Analysis

The Due Process Clause of the United States Constitution protects criminal defendants from being convicted and incarcerated without sufficient proof to convince a fact finder of the accused's guilt beyond a reasonable doubt. *Swearingen v. State*, 101 S.W.3d 89, 95 (Tex. Crim. App. 2003).

The rationality standard of review set out in *Jackson v. Virginia*[4] does not apply when defendants plead guilty or nolo contendere. *Ex parte Martin*, 747 S.W.2d 789, 791 (Tex. Crim. App. 1988). Rather, *Jackson* and *Winship*[5] are applicable only when "the federal constitution places the burden on the prosecution to establish guilt beyond a reasonable doubt. Neither case is applicable where a defendant knowingly, intelligently and voluntarily enters a plea of guilty or nolo contendere." *Ex parte Williams*, 703 S.W.2d 674, 682 (Tex. Crim. App. 1986) (citing *Boykin v. Alabama*, 395 U.S. 238 (1969)). When a defendant pleads no contest to a felony offense, the state must still offer evidence to show his guilt. TEX. CODE CRIM. PROC. art. 1.15. This evidence must embrace "every essential element of the offense charged." *Stone v. State*, 919 S.W.2d 424, 427 (Tex. Crim. App. 1996).

In this case, an essential element of burglary as alleged in the indictment was aggravated assault,[6] which requires proof of either serious bodily injury or the use or exhibition of a deadly weapon.[7] The Penal Code defines serious bodily injury as "bodily injury that creates a substantial risk of death or that causes death, serious permanent disfigurement, or protracted loss or impairment of the function of any bodily member or organ."[8] The state cites to appellate opinions determining whether various injuries and the periods over which they affected the victims constituted "serious bodily injuries." *See Moore v. State*, 739 S.W.2d 347, 352 (Tex. Crim. App. 1987) (plurality op.)

---

[4] 443 U.S. 307, 316-17 (1979) (state prisoner entitled to federal habeas relief when no rational trier of fact could have found that the evidence at trial proved each essential element of the crime beyond a reasonable doubt).

[5] *In re Winship*, 397 U.S. 358 (1970) (establishing reasonable-doubt standard on appeal).

[6] TEX. PENAL CODE § 30.02(a)(3).

[7] *Id.* § 22.02(a).

[8] *Id.* § 1.07(a)(46).

(en banc); *Johnson v. State*, No. 05-10-00465-CR, 05-10-00608-CR, 2011 WL 3484801, *5 (Tex. App.—Dallas Aug. 10, 2011, no pet.) (mem. op., not designated for publication) (discussing several cases interpreting "serious bodily injury" in light of severity and duration). In the present case, the complainant had severe vision problems in his left eye at trial, ten months after the assault. The state argues that the complainant's injury was sufficiently severe—his eye regularly "fail[ed]" him—and prolonged —at least ten months—to constitute serious bodily injury.

But appellant's claim is not grounded in an argument that the complainant's injuries are not serious under the Penal Code's definition. Rather, he focuses on the lack of direct evidence that the assault caused the complainant's vision problems. He contends that the prosecutor never asked the complainant whether his failing vision was a result of the assault or even whether these failures began before or after the assault. However, circumstantial evidence alone can be sufficient to establish guilt. *Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007) (citing *Guevara v. State*, 152 S.W.3d 45, 49 (Tex. Crim. App. 2004)). Fact finders are permitted "to draw multiple reasonable inferences from facts as long as each is supported by the evidence presented at trial." *Merritt v. State*, 368 S.W.3d 516, 525 (Tex. Crim. App. 2012) (citing *Hooper, supra* at 16-17). The prosecutor's failure to directly ask the complainant about the cause of his vision problems is not fatal to the state's proof if the evidence that the prosecution presented allows a reasonable inference of causation.

It is uncontested that appellant and his twin brother broke into the complainant's house and beat him. Uncontroverted testimony from the complainant established that the eye with vision issues is the eye that was injured during the assault. It is not unreasonable to infer from these facts that appellant and his brother caused prolonged damage to the complainant's vision in his left eye when

they beat him and, among other injuries, caused injury to the complainant's face in the area of his left eye. *See Hooper, supra* at 16 (distinguishing reasonable inferences from mere speculation); *see also Creamer v. State*, No. 09-04-402-CR, 2005 WL 2667206 (Tex. App.—Beaumont Oct. 19, 2005) (mem. op., not designated for publication) (inferring intent from defendant's conduct and surrounding circumstances sufficient to find that evidence embraced the essential elements of the crime).

## III. Conclusion

Because the state offered evidence that supports a reasonable inference that appellant's actions caused the complainant's prolonged visual impairment, we sustain the state's ground for review, reverse the appellate court's judgment, and remand this cause to the court of appeals for further proceedings consistent with this opinion.

Delivered: November 20, 2013
Do Not Publish