, **Michael JOHNSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 54642.**

Court of Criminal Appeals of Texas, Panel No. 3.

Sept. 20, 1978.

Joseph (Sib) Abraham, Jr., and Charles Louis Roberts, El Paso, for appellant.

Steve W. Simmons, Dist. Atty., and Thomas C. Roepke, Asst. Dist. Atty., El Paso, for the State.

Before ROBERTS, ODOM and TOM G. DAVIS, JJ.

## OPINION

ODOM, Judge.

This is an appeal from a conviction for credit card abuse; punishment was assessed at five years. V.T.C.A., Penal Code Sec. 32.31(b)(1)(A).

Appellant challenges the sufficiency of the evidence to show he was the person who presented the stolen credit card. We sustain the contention and reverse the conviction.

The State called four witnesses: Ruby Thomas, a waitress at the Montana Mining Company in El Paso; Robert Waldman, cashier at the same establishment; Richard Griffin, owner of the Master Charge credit card presented at the Montana Mining Company; and Refugio Barrera, the arresting officer.

Thomas testified that on February 17, 1976, appellant and another man came into the Montana Mining Company where she served them as cocktail waitress. Appellant presented her with a Master Charge credit card for payment, and she took the card to cashier Waldman. Thomas was unable to testify to the name that was on the credit card, and was not asked to identify it.

Waldman testified that on the night in question waiter Frank Mangan brought him a Master Charge credit card for payment of a bill. When he checked the card against the cancellation bulletin, he found it was listed, so he phoned Master Charge. They told him to keep the card and call the police, as it had been reported stolen. He testified the card was in the name of Richard Griffin and identified State's exhibit 1 as the card presented that night. He was not able to identify appellant as the person who presented the card.

Griffin identified State's exhibit 1 as his credit card that he had lost in November 1975 in New Orleans.

Barrera testified that on February 17, 1976, he arrested appellant at the Montana Mining Company upon the representations of manager Richard Seery that he was trying to use a lost or stolen credit card.

The testimony of these witnesses does not show that appellant presented a Master Charge credit card belonging to Richard Griffin as alleged by the State. The only witnesses who identified the credit card and testified that it was in the name of or belonged to Richard Griffin were cashier Waldman and Griffin himself, but neither of these witnesses identified appellant or testified that he presented the card. Waldman testified that he received the card from Mangan, but no such witness was called to testify. The only two witnesses that identified appellant were Thomas and Barrera, but neither of them testified that he presented Griffin's credit card, nor did either identify the Griffin card introduced in evidence. Thomas testified that she gave Waldman the card presented by appellant, while Waldman testified that the Griffin card was given to him by Mangan. There is no evidence identifying the card presented to Thomas as the Griffin card, nor is there any evidence connecting appellant with the Griffin card introduced by the State.[1]

The judgment of conviction is set aside and in view of the insufficiency of the evidence to support a finding of guilt, the judgment is reformed to show an acquittal. Art. 44.37, V.A.C.C.P.; see *Burks v. U.S.,*

---

[1]. Defense witness Alice Duncan testified that she saw a person who called himself Richard Griffin give appellant a Master Charge credit card for a gambling debt in New Orleans on February 14, 1976. There is no evidence, however, that this card was the one presented in El Paso, nor did this witness identify State's exhibit 1 as the card she saw.

—— U.S. ——, 98 S.Ct. 2141, 57 L.Ed.2d 1 and *Greene v. Massey,* —— U.S. ——, 98 S.Ct. 2151, 57 L.Ed.2d 15.[2]

---

**2.** Art. 44.25, V.A.C.C.P., is, to the extent of conflict with the federal constitutional requirements of jeopardy protection expressed in the United States Supreme Court decisions cited above, unconstitutional.