IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
August 16, 2017 Session

## IN RE: ESTATE OF DONALD CARL BATTLE

**Direct Appeal from the Probate Court for Davidson County**
**No. 15P-116     David Randall Kennedy, Judge**

_____

### No. M2017-00227-COA-R3-CV

_____

This is a partition case. Appellants petitioned the trial court to order a partition sale of property they own as tenants in common with Appellee. The court ordered the property to be appraised and, upon receipt of the appraisal, held that the Appellee could buy out Appellants' interest in the property for their portion of the appraised value. Appellants appeal the trial court's failure to order a sale of the Property in accordance with Tennessee Code Annotated section 29-27-201. We reverse the judgment of the trial court and remand for further proceedings.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Probate Court Reversed
and Remanded**

BRANDON O. GIBSON, J. delivered the opinion of the court, in which ARNOLD B. GOLDIN, and KENNY ARMSTRONG, J.J., joined.

Robert John Notestine, III, Nashville, Tennessee, for the appellants, Ruby Jean Brown-Battle, Carlton Battle, Adrienne Battle-Koger, and Christopher L. Battle.

John Richard Manson and Andre Philip Johnson, Nashville, Tennessee, for the appellee, Bayside Builders, LTD.

### OPINION

Donald Carl Battle died intestate on December 6, 2014. Mr. Battle's wife and three adult children are the heirs to his estate. On October 9, 2015, the administrator for Mr. Battle's estate and his heirs at law (collectively the "Estate") filed a complaint to partition property located at 1033 North 12th Avenue in Nashville, Tennessee (the "Property"). The Estate asserted that it co-owned the Property with Bayside Buildings, Ltd. ("Bayside"), as tenants in common, and that the parties had been unable to reach an agreement regarding the sale or division of the Property between them. Further, the

Estate contended that it would be "in the best interest of the parties that the Property be sold for cash at a private or public sale and that the proceeds be divided according to the respective rights and interest of the co-owners, as provided in T.C.A. 29-27-101 through T.C.A. 29-27-219."

The Property was also the subject of a previous partition suit filed in 1990 by Bayside's predecessors in interest against Mr. Battle. That litigation ended in 1992 with an agreed order stipulating that Mr. Battle owned a 25% interest in the Property and Bayside's predecessor owned a 75% interest.[1] Based on this prior agreed order, Bayside filed a motion for summary judgment in this case arguing that the doctrine of res judicata barred the parties from re-litigating the issue of partition and the percentages of the parties' interests in the Property. Bayside also proposed to have the Property appraised and offered to purchase the Estate's 25% interest.

On August 29, 2016, the trial court partially granted Bayside's motion for summary judgment. The court held that there was no dispute that the Estate owns a 25% interest in the Property and Bayside owns the remaining 75%. The percentages of ownership interest are not at issue on appeal. The court found, however, that factual determinations remained as to the value of the Property and the amount of any contributions, advancements, or other recoupments to which the parties may be entitled. Therefore, the court ordered that the Property be appraised, and if the parties could not agree on a commercial appraiser by September 9, 2016, the court would choose the appraiser. The court then set the matter for a "review hearing" on October 26, 2016.

At the review hearing on October 26, counsel for the Estate announced that the parties had agreed on an appraiser, and the court set the next review conference for December 7, 2016. On December 1, 2016, Bayside filed the appraisal of the Property with the court. According to this appraisal, a fee simple interest in the Property was worth $340,000.00. At the review conference on December 7, 2016, Bayside reasserted its desire to purchase the Estate's interest in the Property. By order entered December 15, 2016, the trial court granted Bayside's request and ordered Bayside to tender $85,000.00 (being 25% of $340,000.00) to the Estate by January 13, 2017, to purchase the Estate's portion of the Property. The court further ordered that in the event Bayside did not pay the Estate $85,000.00 for their 25% of the appraised value by January 13, 2017, the Property would be immediately placed on the market for sale.

---

[1]The agreed order entered in the previous partition action also ordered Mr. Battle to sell his 25% interest in the Property to his co-tenant for $35,000.00. That transaction apparently never occurred, and the trial court in this case held that portion of the previous judgment to be unenforceable because neither party renewed the judgment for more than ten years.

On December 29, 2016, Bayside filed a motion with the trial court to allow it to deposit the $85,000.00 into the clerk's office until the Estate signed a quitclaim deed transferring its interest to Bayside. The Estate filed an objection to Bayside's motion on January 9, 2017. In this response, the Estate generally objected to the trial court's order that required the Estate to convey its interest in the Property to Bayside based on the value set forth in the appraisal rather than a value brought by a sale of the Property. The Estate asserted that the trial court should have ordered the Property to be sold pursuant to Tennessee Code Annotated section 29-27-201 as the Estate requested in its original petition for partition. On January 13, 2017, the trial court rejected the Estate's arguments and again ordered Bayside be allowed to purchase the Estate's 25% interest in the Property based on the valuation in the appraisal. The court further granted Bayside's motion to deposit its funds in the clerk's office pending delivery of a quitclaim deed by the Estate. This January 13, 2017 order stated that it was a final order for purposes of Rule 54.02 of the Tennessee Rules of Civil Procedure. On January 24, 2017, the Estate filed a notice of appeal of the trial court's January 13, 2017 order.

## II. ISSUES PRESENTED

Appellants present the following issue for review on appeal, which we have restated:

> Whether the trial court erred in ordering Appellants to convey their interests in the Property to the Appellee for the sum of $85,000.00 despite the sale provisions found in Tennessee Code Annotated section 29-27-201?

Appellee does not list any additional issues in a specific "statement of the issues," but it does argue that Appellant's notice of appeal was not timely and that this Court lacks subject matter jurisdiction to hear this appeal.

## IV. DISCUSSION

There are very few, if any, facts in dispute in this case. The issues raised by the parties on appeal are questions of law. We review the trial court's conclusions of law *de novo* with no presumption of correctness. *S. Constructors, Inc. v. Loudon Cnty. Bd. of Educ.*, 58 S.W.3d 706, 710 (Tenn. 2001).

### 1. Timeliness of Appeal

As an initial matter, we address Bayside's assertion that this Court lacks subject matter jurisdiction to hear the Estate's appeal because the Estate's notice of appeal was not timely filed. Bayside argues that the trial court's order entered on December 15,

3

2016 constituted the final judgment in this case, thereby making the Estate's notice of appeal filed on January 24, 2017 untimely. We disagree. "A final judgment [ ] is one that resolves all of the parties' claims and leaves the court with nothing to adjudicate." *Ball v. McDowell*, 288 S.W.3d 833, 836-37 (Tenn. 2009). The trial court's order on December 15, 2016, left several loose ends, including the contingency plan for a court-ordered sale of the Property if Bayside failed to tender the $85,000.00 to purchase the Estate's interest in the Property. Further, Bayside filed a motion regarding payment of the purchase money into the clerk's office on December 29, 2016, which was after the December 15, 2016 order, and upon which a hearing was subsequently held. The December 15, 2016 order of the trial court did not leave the trial court with nothing else to do in this case and, therefore, did not constitute an appealable final order.

The final judgment in this case was the trial court's order on January 13, 2017, which specifically stated that it was a final order for purposes of Rule 54.02 of the Tennessee Rules of Civil Procedure. We hold that the Estate properly complied with Rule 4 of the Tennessee Rules of Appellate Procedure (which requires a notice of appeal be filed within thirty days of entry of trial court's judgment) by filing a notice of appeal eleven days after entry of the final order in this case.

2.     Failure to Order Partition Sale

We now turn to the Estate's allegation that the trial court erred in its interpretation and application of Tennessee Code Annotated section 29-27-201, which states:

Any person entitled to a partition of premises, under part 1 of this chapter, is equally entitled to have such premises sold for division, in the following cases:

(1) If the premises are so situated that partition thereof cannot be made; or

(2) Where the premises are of such a description that it would be manifestly for the advantage of the parties that the same should be sold instead of partitioned.

Tenn. Code Ann. § 29-27-201. Both parties agree that the Property should not be divided in kind. However, the trial court's order in this case does not provide the Estate with a sale of the Property as contemplated by Tennessee Code Annotated section 29-27-201. The court simply adopted a price, albeit one that was submitted by an appraiser, and allowed one party to buy the other party's interest for a court-specified amount.

Tennessee courts have considered analogous cases in *Yates v. Yates*, 571 S.W.2d

4

293 (Tenn. 1978) and *Walton v. Seawood*, Shelby Equity No. 35, 1986 WL 14054 (Tenn. Ct. App. Dec. 11, 1986). In *Yates*, a partition suit, a chancellor divested one co-owner of his interest in the subject real estate and vested that interest in another co-tenant. *See Yates*, 571 S.W.2d at 295. In reversing the trial court's order, the Tennessee Supreme Court held that although the chancery court "has a statutory and inherent right to adjust the equities and settle all claims between or among the parties, it has no power to divest title out of one tenant and vest it in another." *Id*. at 296. In *Walton,* which was also a partition suit, the trial court adopted the clerk and master's determination of the fair market value of the property and ordered the property interests be divested out of some of the co-tenants and vested in another co-tenant. *Walton*, 1986 WL 14054 (Tenn. Ct. App. Dec. 11, 1986). Reversing the trial court, this Court held that the case was controlled by our Supreme Court's holding in *Yates* and concluded that "[t]he statement by the Supreme Court as to the lack of power of the court to divest title out of one tenant and into another is clear and without any qualification." *Id.* at *2. Likewise, we hold that this case is controlled by the principle set forth in *Yates* and that the trial court improperly ordered the interest of one co-tenant to be divested and vested in another co-tenant for a court-ordered price.

Bayside devotes much of its brief on appeal to the argument that one tenant in common may lawfully purchase the interest of another tenant in common under a decree of sale for partition. We agree with Bayside that there are Tennessee cases that reflect the general ability of one co-owner to purchase the interest of another co-owner at a sale. *See e.g.*, *Davis v. Solari*, 177 S.W. 939 (Tenn. 1915). Nothing in this Opinion would prevent Bayside from being the winning buyer at either a private or public sale of the Property. Such a scenario is distinguishable from the trial court's order, however, because it contemplates an actual sale of the subject property. A court-ordered divestiture of property interests at a court-determined price is not a sale as contemplated by Tennessee Code Annotated section 29-27-201.

## IV. CONCLUSION

For the foregoing reasons, we reverse the order of the trial court and remand for further proceedings consistent with this Opinion. Costs of this appeal are taxed to the Appellee, Bayside Builders, LTD., for which execution may issue if necessary.

_____
BRANDON O. GIBSON, JUDGE